Michael H. LEVITIN, Appellant

v.

**THE MICHAEL GROUP, L.L.C. and Sandra Holmes, Appellees.**

No. 05–08–00094–CV.

Court of Appeals of Texas, Dallas.

Feb. 2, 2009.

Krista R. Fuller, Joseph John Hroch, Sesha Kalapatapu, The Spencer Law Firm, Houston, TX, for Appellant.

Steven S. Snelson, Dallas, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and MURPHY.

## OPINION

Opinion by Justice MURPHY.

In two points of error, appellant Michael H. Levitin claims the trial court erred in granting summary judgment in favor of Sandra Holmes on her breach of indemnity agreement claim and in favor of The Michael Group, L.L.C. on its breach of contract claim. We reverse the trial court's summary judgment in favor of Holmes and remand this portion of the case to the trial court. We affirm the trial court's summary judgment in favor of The Michael Group.

### Background

This case involves two separate breach of contract claims arising from Levitin's purchase of Holmes's interests in businesses they owned jointly. The first claim relates to a June 1, 2004 assignment, which contains an indemnity agreement signed by Levitin in favor of Holmes. The second claim relates to a June 9, 2004 promissory note signed by Levitin in favor of The Michael Group in the principal amount of $360,000.

Levitin and Holmes were married and became business partners in TMG Real Estate Services LLC, a real estate agency. After they divorced, Levitin and Holmes continued as business partners. In 2004, TMG entered into a franchise agreement with ERA Franchise Systems, Inc. That agreement required ERA to loan TMG approximately one million dollars. Levitin and Holmes personally guaranteed the loan. After TMG received the loan proceeds, it paid approximately $530,000 to Holmes.

Following the ERA loan to TMG, Holmes sold her interest in TMG to Levitin. To purchase the interest, Levitin borrowed money from The Michael Group, a separate company in which Holmes was president, and signed the June 9, 2004 promissory note in the amount of $360,000. As part of the buyout, Levitin also signed a June 1, 2004 assignment, which contained the indemnity agreement in favor of Holmes individually.

Levitin defaulted on his installments due The Michael Group under the promissory note. TMG also defaulted on its obligations under the ERA loan. As a result of TMG's default, ERA sued Holmes, Levitin, and others. Holmes claims she settled ERA's claims against her and The Michael Group, and she seeks personal indemnity from Levitin for the $530,000 settlement paid.

The Michael Group and Holmes both sued Levitin on their respective breach of contract claims in one lawsuit. They also joined in filing a traditional summary judgment motion under rule 166a(c) of the Texas Rules of Civil Procedure, and the trial court granted summary judgment on both causes of action.

### Standard of Review

The standards for reviewing a traditional motion for summary judgment are well-established. *Sysco Food Servs. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.* In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied).

### Indemnity Agreement

■ In his first point of error, Levitin contends the trial court erred in granting summary judgment in favor of Holmes on her breach of indemnity agreement claim. Holmes claims she is personally entitled to indemnity from Levitin for the amounts she paid to settle the ERA lawsuit, plus attorney's fees and litigation costs. As the movant for summary judgment, Holmes was required to prove (1) the existence of a valid contract, (2) the performance or tendered performance by Holmes, (3) breach of the contract by Levitin, and (4) damages sustained by Holmes as a result of the breach. *See Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

Levitin does not dispute the indemnity agreement contained in the June 1, 2004 assignment, which provides:

... Holmes is not and will never be liable for any obligations, debts, actions and/or omissions and/or liabilities of Michael H. Levitin and/or the business(es) known as ERA, ERA—T.M.G. Real Estate Services, L.L.C. and/or T.M.G. Real Estate Services, L.L.C. and Michael H. Levitin further hereby agrees to hold Sandra Holmes harmless and fully indemnify her, including but not limited to the amount she had to pay or has to pay as well as her attorney's fees, should she ever be ordered to pay any sum of money because of the same.

Levitin's complaint is that no "order" required Holmes to settle the lawsuit or pay the settlement amount. He asserts his indemnity obligations are not invoked by a voluntary payment.

Holmes's summary judgment burden required her to prove that she personally performed under the indemnity agreement. She submitted one affidavit in support of both her and The Michael Group's summary judgment motions. As to the ERA settlement, her affidavit states that "The Michael Group, L.L.C." settled for the amount of $530,000.

We agree with Levitin that a material issue of fact precludes summary judgment in favor of Holmes on her breach of indemnity agreement claim. Holmes failed to establish conclusively that she personally is entitled to recover under the indemnity agreement for the settlement amount paid by The Michael Group. She instead offered proof that The Michael Group performed the settlement. The Michael Group is not a party to the indemnity agreement. As a result of our resolution of this point of error in favor of Levitin, we do not reach Levitin's argument that a voluntary settlement did not trigger his obligations under the indemnity agreement.

We conclude the trial court erred in granting summary judgment in favor of Holmes. Accordingly, we grant Levitin's first point of error. We reverse the trial court's summary judgment in favor of Holmes on her breach of indemnity agreement claim, and we remand this portion of the case to the trial court for further proceedings.

### Promissory Note

■ In his second point of error, Levitin argues the trial court erred in granting summary judgment on The Michael Group's breach of contract claim on the promissory note. To prevail on its summary judgment motion to enforce a promissory note, The Michael Group was required to prove (1) the note exists, (2) The Michael Group is the legal owner and holder of the note, (3) Levitin is the maker of the note, and (4) a certain balance remains due and owing. *See Suttles v. Thomas*

**124**

*Bearden Co.*, 152 S.W.3d 607, 611 (Tex. App.-Houston [1st Dist.] 2004, no pet.).

On appeal, Levitin contests The Michael Group's proof only as to the fourth element-that an outstanding balance is due and owing on the note. Levitin specifically asserts the affirmative defense of payment. As the party relying on an affirmative defense, Levitin had the burden to present evidence sufficient to raise a fact issue in response to The Michael Group's summary judgment motion. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984) (if a party opposing summary judgment relies on an affirmative defense, he must present summary judgment evidence sufficient to raise a fact issue on each element of the defense to avoid summary judgment).

Levitin argues in support of his payment defense that a payment Holmes personally received in a separate transaction with different parties somehow extinguishes Levitin's debt to The Michael Group. Levitin specifically asserts that Holmes was paid approximately $530,000 from a portion of the proceeds of a loan from ERA to TMG. Levitin asserts the $530,000 payment from TMG to Holmes occurred after Levitin's execution of the promissory note to The Michael Group, and the amount exceeded what Levitin owed to The Michael Group on the promissory note. The parties to the promissory note are Levitin, as maker, and The Michael Group, as owner and holder. The parties to the payment are TMG and Holmes. Based on the summary judgment evidence before the trial court, neither Levitin nor The Michael Group is connected to the approximately $530,000 paid by TMG to Holmes. It was Levitin's burden to tender summary judgment evidence to support his payment defense. Absent such evidence, The Michael Group was entitled to summary judgment.

Our review of the record confirms that The Michael Group satisfied its summary judgment burden and Levitin failed to support his affirmative defense of payment with proper summary judgment evidence. We deny Levitin's second point of error. Accordingly, we affirm the trial court's summary judgment in favor of The Michael Group on its breach of contract claim.

In conclusion, we reverse that part of the trial court's judgment granting summary judgment in favor of Sandra Holmes on her breach of indemnity agreement claim, and we remand that portion of the case to the trial court for further proceedings. We affirm the trial court's summary judgment in favor of The Michael Group, L.L.C. on its breach of contract claim to enforce the promissory note.