**AFFORDABLE MOTOR COMPANY, INC. and Charles A. Ray, Appellants,**

v.

**LNA, LLC, Appellee.**

No. 05–10–00076–CV.

Court of Appeals of Texas, Dallas.

Aug. 17, 2011.

Rehearing Overruled Oct. 13, 2011.

---

Annette R. Loyd Vanicek, Law Offices of Annette R. Loyd, PC, Fort Worth, TX, for Appellants.

Lynn Warren Schleinat, Lindy D. Jones, Laura L. Worsham, Jones, Allen & Fuquay, L.L.P., Dallas, TX, for Appellee.

Before Justices BRIDGES, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice LANG–MIERS.

Appellee LNA, LLC brought this action against appellants Affordable Motor Company, Inc. and Charles A. Ray to recover sums allegedly due and owing under a promissory note and guaranty agreement. The trial court granted summary judgment in favor of LNA and rendered judgment against appellants for the amount of the note plus interest and attorneys' fees. Appellants raise two issues on appeal. In their first issue appellants argue that (1) the trial court erred in granting summary judgment in favor of LNA on the Note because fact issues preclude summary judgment, and (2) the trial court erred in awarding attorneys' fees to LNA as a matter of law because the affidavit filed in support of LNA's request for attorneys' fees is inadequate and controverted. In their second issue appellants argue that the trial court erred when it implicitly overruled their objections to LNA's summary-judgment evidence. We reverse the award of attorneys' fees and affirm the trial court's final judgment in all other respects.

### BACKGROUND

In January 2009, LNA filed suit against appellants to recover sums it alleged were due and owing under a two-page promissory note and guaranty agreement dated November 6, 2002 (the Note). The relevant terms of the Note state (with page break noted in brackets and hand-written interlineations, right brace, initials, and signatures noted in italics):

Maker: Affordable Motor Company, Inc.

. . .

Payee: LNA, LLC

. . .

Principal Amount: $66,500

Annual Interest Rate of Unpaid Principal from Date: 12%

Annual Interest Rate on Matured, Unpaid Accounts: 18%

Terms of Payment (principal and interest):    $250–Dec 1, 2002

$500–Jan 1, 2003

i    MB

$ ——per month beginning December 1, 2002 for a total of six payments, at which time the balance is due.
*Balance is due Feb 1, 2003.*

This may be prepaid without penalty at any time.

On default in the payment of this Note, followed by written notice of default to Maker and any Guarantors, and the failure to cure such default within 10 days of receipt of the notice, the unpaid principal balance and earned interest on this Note shall become due at the election of Payee. If any of the regular monthly payments is not received in LNA, LLC's office by the last day of the month, there will be a late fee of 10% of the amount of such payment.

If this note is given to an attorney for collection, or if suit is brought for collection, or if it is collected through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection, including reasonable attorneys' fees actually incurred and court costs, in

[PAGE BREAK]

addition to other amounts due.

Interest on the debt evidenced by this Note shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law, any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

. . .

Each Maker is responsible for all obligations represented by this Note.

. . .

This Promissory Note is non-assignable by the Payee.

Affordable Motor Company, by *Charles A. Ray*

    Its President

This note is personally guaranteed by *Charles A. Ray*

In its petition, LNA alleged that it is the owner of the Note and that the Note "is fully due and owing and in default." LNA sought to recover $66,500, all accrued but unpaid pre-judgment interest, reasonable attorneys' fees, and post-judgment interest. In response to the petition, appellants filed general denials "[i]n accordance with Tex.R. Civ. P. 92." In addition, Ray asserted that the statute of limitations bars LNA's claim.

In September 2009, LNA filed a motion for summary judgment along with supporting evidence including an affidavit of LNA's custodian of records attesting to the authenticity of the Note. In response, appellants amended their answers and alleged four affirmative defenses: (1) failure of a condition precedent, (2) statute of

limitations, (3) ambiguity, and (4) laches. Appellants also filed a response in opposition to LNA's motion, along with supporting evidence and objections to LNA's evidence.

After a hearing, and without ruling on appellants' evidentiary objections, the trial court granted LNA's motion and rendered judgment against appellants, jointly and severally, for (1) the principal sum of $66,500, (2) $37,702.88 in unpaid pre-judgment interest, (3) post-judgment interest on the total sum of $104,202.88 at the rate of 18% per annum pursuant to the Note, (4) $1,800 in attorneys' fees through trial, and (5) $9,000 in conditional appellate attorneys' fees. Appellants filed a motion for reconsideration, which the trial court denied after a hearing.

### SUMMARY JUDGMENT AND STANDARD OF REVIEW

When a plaintiff moves for traditional summary judgment it has the burden to conclusively establish all elements of its claim as a matter of law. *See* TEX.R. CIV. P. 166a(c); *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986) (per curiam). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). If the plaintiff satisfies its burden, the burden shifts to the defendant to preclude summary judgment by presenting evidence that raises a genuine issue of material fact. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982). If the defendant relies on an affirmative defense to defeat summary judgment, it must come forward with evidence sufficient to raise a genuine issue of material fact on each element of the defense. *Sani v. Powell,* 153 S.W.3d 736, 740 (Tex.App.-Dallas 2005, pet. denied). We

review a trial court's decision to grant summary judgment de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994). When determining whether a disputed issue of material fact exists that would preclude summary judgment, we regard all evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Walters v. Cleveland Reg'l Med. Center,* 307 S.W.3d 292, 296 (Tex.2010).

### ANALYSIS

Appellants raise two issues on appeal. In their first issue appellants argue that (1) the trial court erred in granting summary judgment in favor of LNA on the Note because fact issues preclude summary judgment, and (2) the trial court erred in awarding attorneys' fees to LNA as a matter of law because the affidavit filed in support of LNA's request for attorneys' fees is inadequate and controverted. In their second issue appellants argue that the trial court erred when it implicitly overruled their objections to LNA's summary-judgment evidence.

### LNA's SUMMARY JUDGMENT EVIDENCE

We address appellants' second issue first. In their second issue appellants state that they "made several objections" to LNA's summary-judgment evidence. They cite generally to their summary-judgment response included in the clerk's record, in which they listed multiple hearsay and other objections to at least 13 separate statements in the authenticating affidavit. Next, appellants state that the trial court implicitly overruled their objections when it granted summary judgment in favor of LNA and when it denied appellants' motion for reconsideration. Finally, appellants conclude the argument in their second issue as follows:

In this case, the objections made and presented by [a]ppellants were of substance and of form and the objections should have been sustained and the evidence not considered by the trial court. To the extent that the trial court considered inadmissible or incompetent evidence, the summary judgment is improper.

Appellants do not provide any analysis concerning any of their objections, nor do they cite any rule of evidence or other authority that applies to their objections. As a result, appellants' second issue is inadequately briefed and presents nothing for review. *See* Tex.R.App. P. 38.1(i); *Cooper v. Cochran*, 288 S.W.3d 522, 530–31 (Tex.App.-Dallas 2009, no pet.) (concluding appellant's issue on appeal "presents nothing for us to review" because appellant "cites no authority and offers no substantive analysis to support his argument"). We resolve appellants' second issue against them.

### Summary Judgment on the Note

In their first issue appellants argue. that LNA did not satisfy its burden under Texas Rule of Civil Procedure 166a(c) and that fact issues preclude summary judgment in favor of LNA on the Note. We address those arguments separately.

### Did LNA Satisfy Its Summary–Judgment Burden?

First, and without citing to the record, appellant's argue on appeal that LNA did not satisfy its burden on summary judgment because "[a]n analysis of the note indicates that neither AMC nor the guarantor, Charles Ray, agreed to the handwritten changes initialed by Mike Beene on behalf of LNA." We do not agree.

■ To prevail on its motion for summary judgment to enforce the promissory note, LNA was required to prove that (1) the note exists, (2) LNA is the legal owner and holder of the note, (3) Affordable Motor is the maker of the note, and (4) a certain balance is due and owing on the note. *Levitin v. Michael Group, L.L.C.*, 277 S.W.3d 121, 123 (Tex.App.-Dallas 2009, no pet.).

■ We conclude that LNA established the four elements as a matter of law. The first element was satisfied because LNA attached a photocopy of the Note to the summary-judgment motion, along with the affidavit of Mike Beene, LNA's president and custodian of records, in which he attests to the authenticity of the Note. *See Wheeler v. Sec. State Bank, N.A.*, 159 S.W.3d 754, 757 (Tex.App.-Texarkana 2005, no pet.) ("A photocopy of a promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note, is proper summary judgment proof which establishes the existence of the note."). The second element was satisfied because the Note identifies LNA as the payee and states that it is not assignable. The third element was satisfied because the Note states that Affordable Motor is the maker. The fourth element was satisfied because the Beene affidavit states that a certain balance is due an owing on the note:

After allowing for all just and lawful credits and offsets, the principal amount owing on the Note is Sixty–Six Thousand Five Hundred Dollars ($66,500.00), plus accrued but unpaid interest as provided in the Note, totaling Thirty–Six Thousand Five Hundred Eighty–Eight Dollars and Two Cents ($36,588.02), through and including August 31, 2009. In addition, the interest on the Note is continuing to accrue at the rate of Twenty–One Dollars and Eighty–Six Cents ($21.86) per day. There are no other credits, offsets, payments or rebates which are due, or which should be allowed on the Note.

We conclude that LNA satisfied its summary-judgment burden. *See, e.g., Fritz v. Inter Nat'l Bank*, No. 13–01–00851–CV, 2003 WL 22025867, at *4 (Tex.App.-Corpus Christi Aug. 29, 2003, no pet.) (mem. op.) ("The uncontroverted summary judgment evidence shows that the Bank owns the Note, that [appellant] made the Note, and that the Note is in default. On that basis, we conclude that, as a matter of law, the Bank is entitled to recover from [appellant] the principal and interest due on the Note[.]"). As a result, the burden shifted to appellants to raise a fact issue in order to defeat summary judgment.

***Did Appellants Satisfy Their Burden to Demonstrate that a Material Fact Issue Precludes Summary Judgment on the Note?***

■ With respect to appellants' burden to raise a fact issue, appellants argue that "there is a question of fact as to whether the parties assented to the terms of payment of the promissory note." But Appellants did not file a verified denial below in accordance with Texas Rule of Civil Procedure 93(7) denying the execution of the Note. As a result, appellants did not raise a fact issue in the trial court concerning the terms of payment of the Note. *See* Tex.R. Civ. P. 93(7) (in the absence of a verified plea denying the execution of any instrument in writing "the instrument shall be received into evidence as fully proved"); *see also Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 506–07 (Tex.App.-El Paso 2010, no pet.) (because appellants failed to file verified denials as to written instruments they conclusively admitted validity of instruments and waived evidentiary objections).

■ Next, appellants argue on appeal that "a condition precedent—giving notice expressly required by the [Note]—has failed." We disagree. The Note matured on February 1, 2003, when the final payment was due. The Note also allowed LNA to accelerate payment of the remaining balance of the Note prior to the maturity date if any payments were missed. In this case, LNA did not accelerate the Note. Instead, after the Note matured it sued for the balance due under the terms of the Note. And under the terms of the Note, notice of default was not required when payment was due after the Note matured. *See, e.g., CA Partners v. Spears*, 274 S.W.3d 51, 65 (Tex.App.-Houston [14th Dist.] 2008, pet. denied) ("Once the maturity date of the last installment has passed, the holder may not 'accelerate' the note. Rather, the holder's cause of action accrues—and therefore limitations begins to run—on the maturity date of the final installment."). On appeal, appellants rely solely on *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662 (Tex.App.-Fort Worth 1998, pet. denied), to support their argument that the failure to give notice of default precludes summary judgment. But *World Help* was not a suit to recover sums due under a promissory note after maturity. We conclude that notice of default was not required in this case and that appellants did not raise a fact issue on the failure of a condition precedent.

■ Appellants also argue on appeal that "if the [Note] is determined to be due on demand, then it is uncontroverted in the record that the limitations period expired on November 6, 2008, approximately two (2) months prior to the date that suit was actually filed by LNA." Appellants did not argue below, however, that the statute of limitations barred LNA's claim because the Note was a demand note and the statute of limitations expired on November 6, 2008. Instead, they argued that "due to the lack of assent as to the payment terms and the failure to provide notice of default, the statute of limitations bars [LNA's]

claims," and "[LNA] must prove that a notice of default was sent within six years [1] of [February 1, 2003]." We cannot address appellants' argument on appeal because it was not raised below in response to the motion for summary judgment. *See* Tex.R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

In summary, we resolve this portion of appellants' first issue against them.[2]

## ATTORNEYS' FEES

In their first issue appellants also challenge the award of attorneys' fees to LNA. Appellants argue that it was improper to award attorneys' fees as a matter of law because appellants raised a fact issue by submitting a controverting affidavit from their attorney. We agree with appellants.

To support its request for attorneys' fees LNA submitted the affidavit of its attorney in which she opined that (1) $3,500 would be a reasonable fee through the summary judgment phase of the case, and (2) if the case is appealed, $10,000 would be a reasonable fee for an appeal to the court of appeals and $15,000 would be a reasonable fee for an appeal to the supreme court. In response, appellants submitted an affidavit from their attorney in which she opined that the fees sought by LNA were excessive and that attorneys' fees through summary judgment should be no more than $1,800, and conditional appellate fees should be no more than $4,000 and $5,000, respectively. Because appellants raised material fact issues regarding LNA's attorneys' fees, the trial court erred when it awarded attorneys' fees to LNA as a matter of law.[3] *See, e.g., Gen. Specialties, Inc. v. Charter Nat'l Bank—Houston,* 687 S.W.2d 772, 774 (Tex.App.-Houston

1. In response to Ray's answer asserting the statute of limitations as an affirmative defense, LNA asserted in its motion for summary judgment that "the six (6) year statute of limitations found in Texas Business & Commerce Code § 3.118 governs this action."

2. Appellants raise two additional arguments on appeal that were not raised below. First, appellants argue in their opening brief that "the effect of the handwritten language on the promissory note effectively create an ambiguity establishing a question of fact as to the parties' intent." Second, appellants argue in their reply brief that LNA's claim is governed by the four-year statute of limitations under section 16.004 of the Texas Civil Practice and Remedies Code, rather than by the six-year statute of limitations under section 3.118(a) of the Texas Business and Commerce Code. "[W]e do not consider arguments raised for the first time in a reply brief." *Hunter v. PriceKubecka, PLLC,* 339 S.W.3d 795, 803 n. 5 (Tex.App.-Dallas 2011, no pet.). Additionally, appellants did not raise either of these arguments below in opposition to LNA's motion for summary judgment. As a result, we do not address them on appeal. *See* Tex.R. Civ.

P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n,* 205 S.W.3d 46, 50 (Tex. App.-Dallas 2006, pet. denied) (all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court); *see also Baleares Link Exp. S.L. v. GE Engine Servs.-Dallas, LP,* 335 S.W.3d 833, 837 (Tex.App.-Dallas 2011, no pet.) (declining to address defendant's argument on appeal that two-year statute of limitations applied to plaintiff's claim because defendant argued below that four-year statute of limitations applied).

3. We also note that LNA did not seek summary judgment on its attorneys' fees. Instead, in its motion for summary judgment, LNA (1) stated there are no genuine issues as to any material fact "except as to the question of [LNA's] reasonable attorneys' fees for the handling of this suit," and (2) asked the trial court to "set a trial on the merits immediately after the hearing on this motion to determine the question of attorneys' fees."

[14th Dist.] 1985, no writ) (concluding "[s]ummary judgment was not the proper disposition" because nonmovant submitted an affidavit controverting the reasonableness of movant's attorneys' fees).

CONCLUSION

We reverse the award of attorneys' fees and remand this cause to the trial court for further proceedings consistent with this opinion. We affirm the trial court's final judgment in all other respects.