

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00027-CV

JOHN MARGETIS AND MICKEY MARGETIS                                    APPELLANTS

V.

FROST NATIONAL BANK                                                  APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In three issues, Appellants John Margetis and Mickey Margetis, appearing pro se, appeal from the trial court's summary judgment awarding Appellee Frost National Bank damages of $5,440.52, plus $3,437.00 in attorneys' fees, court costs, and postjudgment interest. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In May 2003, Appellants executed a note in the principal amount of $7,905.81, which was made payable to Arlington National Bank. To secure the debt created by the note, Appellants executed a security agreement granting Arlington National Bank a security interest in a 1994 freightliner. The note was later fully transferred and assigned to Frost Bank. The note matured on its own terms in May 2007. By December 2009, the remaining balance of the note, including interest, was $4,656.20. Frost Bank demanded that Appellants surrender the 1994 freightliner, but Appellants "defaulted in doing so."

Frost Bank thereafter brought suit to recover the balance of the note, along with the interest and charges that had accrued, and attorneys' fees. Appellants filed an answer generally denying Frost Bank's claims. Frost Bank moved for summary judgment, arguing that there is no genuine issue as to any material fact and that Frost Bank is entitled to judgment as a matter of law. The trial court granted summary judgment for Frost Bank, and this appeal followed.

## III. STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every

2

reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

## IV. FROST BANK IS ENTITLED TO SUMMARY JUDGMENT

Appellants raise three issues on the "Issue Presented" page in their brief:

1. The trial court erred by issuing a summary judgment, when proper service or notice was not given.

2. The trial court erred in issuing a summary judgment obtained through submission, when in fact, Arlington National Bank was the owner, and not Frost Bank.

3. The trial court erred in allowing the defendants to obtain this judgment through attorney gamesmanship and unclean hands.

Appellants' argument for all three issues consists only of the following: "The trial Court has no authority to enter a summary judgment when," which is followed by two pages of text that have been copied from a case, the text of rule 166a(a), and the conclusion that "[i]f the rights of parties would have been adjudicated, the trial court would have allowed the defendants to have a jury trial and have their fair day in court, as was requested in their timely original petition filing."

In a summary judgment proceeding, the nonmovant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment. *McConnell v. Southside ISD*, 858 S.W.2d 337, 343 (Tex. 1993). Issues not expressly presented to the trial court by

3

written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c); *see McConnell*, 858 S.W.2d at 343. While the nonmovant need not file an answer or response to the summary judgment motion, the nonmovant who does not file a response may contend on appeal *only* that the movant's evidence supporting the motion was insufficient as a matter of law or that the grounds in the motion do not dispose of all the claims in the case. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Because Appellants did not raise any of their issues in the trial court in a response to Frost Bank's motion for summary judgment or in a postjudgment motion,[2] we broadly construe Appellants' issues as arguing that the trial court erred by granting summary judgment to Frost Bank because the evidence supporting the motion was insufficient as a matter of law. To recover on a promissory note, the plaintiff must prove: (1) the note in question, (2) the party sued signed the note, (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note. *See Manley v. Wachovia Small*

---

[2]Because, as set forth above, Appellants filed an answer in the trial court, we interpret their first issue as a complaint regarding lack of service and notice regarding the motion for summary judgment and the hearing thereon. A party who has no notice of the summary judgment hearing is unable to attend the hearing and should be able to preserve error by post-trial motion. *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ). Appellants, however, did not file a postjudgment motion. Moreover, the record reveals that Frost Bank served on Appellants its motion for summary judgment and gave notice to Appellants of the hearing on its motion for summary judgment via regular mail and certified mail at the address Appellants used in their answer.

*Bus. Capital*, 349 S.W.3d 233, 237 (Tex. App.—Dallas 2011, pet. denied). The summary judgment evidence established the note in question, that Appellants signed the note, that Frost Bank is the owner or holder of the note, and that Appellants did not pay the note when it matured. We hold that Frost Bank conclusively proved all the essential elements of its claim and was entitled to summary judgment as a matter of law. *See Affordable Motor Co. v. LNA, LLC*, 351 S.W.3d 515, 520–21 (Tex. App.—Dallas 2011, pet. denied) (holding that lender established the four elements as a matter of law and satisfied its summary judgment burden); *Fritz v. Inter Nat'l Bank*, No. 13-01-00851-CV, 2003 WL 22025867, at *4 (Tex. App.—Corpus Christi Aug. 29, 2003, no pet.) (mem. op.) (stating that the uncontroverted summary judgment evidence showed that the Bank owned the Note, that Fritz made the Note, and that the Note was in default; "[o]n that basis, we conclude that, as a matter of law, the Bank is entitled to recover from Fritz the principal and interest due on the Note in the amount awarded by the trial court."). We therefore overrule Appellants' three issues.

## V. CONCLUSION

Having overruled Appellants' three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, DAUPHINOT, and GABRIEL, JJ.

DELIVERED: October 18, 2012