**REVERSE and REMAND; and Opinion Filed June 7, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00068-CV**

**FOUR D CONSTRUCTION, INC. AND JERRY DANIELS, Appellants**

**V.**

**UTILITY & ENVIRONMENTAL SERVICES, INC., Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-03923-A**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice O'Neill

Appellants Four D Construction and Jerry Daniels appeal a summary judgment granted in favor of Utility & Environmental Services, Inc. (UES) on its suit on a sworn account and on a guaranty. In three issues, appellants generally contend the trial court erred in granting UES's motion for summary judgment. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

UES provided goods and services to Four D, a general contractor. When Four D failed to pay its invoices, UES filed suit against Four D on a sworn account, against Daniels as a guarantor of the account, and against both Four D and Daniels on a promissory note associated with the indebtedness. UES filed a motion for summary judgment asserting it was entitled to judgment as a matter of law on its claims. UES attached the affidavit of Donald E. Daniel to the motion. In his affidavit, Daniel stated $217,526.79 in unpaid invoices was due and owing on

Four D's account. Daniel attached what he stated were true and correct copies of the current unpaid invoices on Four D's account, and stated the amounts of the attached invoices totaled $217,526.79. The trial court entered a judgment in favor of UES for $217,526.79, and awarded UES its attorney's fees. This appeal followed.

In their first two points of error, appellants contend the trial court erred in granting UES's motion for summary judgment because fact issues exist on the amount owed on the account. The standards for reviewing a traditional summary judgment are well-established. *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 54-49 (Tex. 1985). A party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). When a plaintiff moves for summary judgment, it has the burden to conclusively establish all elements of its claim as a matter of law. *Affordable Motor Co., Inc. v. LNA, LLC,* 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied). If the plaintiff satisfies this burden, the burden shifts to the defendant to present some evidence to raise a genuine issue of material fact. *Id.* When reviewing a motion for summary judgment, the court takes the non-movant's evidence as true, indulges every reasonable inference in favor of the non-movant, and resolves all doubts in its favor. *Willrich,* 28 S.W.3d at 23–24.

Appellants first contend Daniel's affidavit cannot support the summary judgment because Daniel is an interested witness and his affidavit does not meet the requirements of an interested witness affidavit. To support summary judgment, an interested witness affidavit must be "clear positive, and direct, otherwise credible and free from contradictions and inconsistencies." TEX. R. CIV. P. 166a(c); *Belger v. Sweeney,* 836 S.W.2d 752, 754 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The testimony must also be readily controvertible. *Id.*

–2–

According to appellants, Daniel's affidavit cannot support the summary judgment because he is an interested witness and statements in his affidavit as to the amount owed are in conflict with attachments to the affidavit. UES contends appellants waived this complaint because although they objected to the affidavit, they did not obtain a ruling on their objection. Objections that statements of an interested witness are not clear, positive, direct, credible, and free from contradiction raise defects in form. *See S & I Mgmt., Inc. v. Sungju Choi,* 331 S.W.3d 849, 855 (Tex. App.—Dallas 2011, no pet.). A party must object in writing and obtain an express or implied ruling from the trial court to preserve a complaint about the form of summary judgment evidence. *Grand Prairie I.S.D. v. Vaughan,* 792 S.W.2d 944, 945 (Tex. 1990); *Strother v. City of Rockwall*, 358 S.W.3d 462, 468-69 (Tex. App.—Dallas 2012, no pet.).

Appellants do not dispute they failed to obtain a ruling on their objection to Daniel's affidavit prior to the hearing on the motion for summary judgment. However, they contend they preserved error because they "reasserted" their objection to the affidavit in their motion for new trial, which was subsequently overruled by operation of law. To preserve objections to summary judgment evidence, a party must obtain a ruling on its objection at or before the summary judgment hearing. *Essex Crane Rental Corp. v. Carter,* 371 S.W.3d 366, 383 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The trial court's ruling on the motion for new trial "by operation" of law was neither a ruling on the previous objection, nor was it timely. Therefore, appellants have waived their complaint that Daniel's affidavit cannot support summary judgment because he is an interested witness. *See id.*

Appellants next assert the trial court erred in granting summary judgment because fact issues exist on the amount owed. If a movant conclusively establishes each element of its claim, the burden shifts to the non-movant to direct the trial court to some evidence that raises an issue of material fact. To prove the amount owed, UES relied on Daniel's affidavit and the invoices

attached to the affidavit. Daniel's swore the invoices were unpaid and totaled $217,526.79. In their response to UES's motion for summary judgment, appellants asserted fact issues existed because three of the invoiced attached to Daniel's affidavit are stamped "PAID." According to appellants, the invoices themselves raise a fact issue on the amount owed. UES responds appellants failed to raise a fact issue because they did not present any summary-judgment evidence of payment. To raise a fact issue, appellants directed the trial court to evidence attached to UES's motion. S*ee Am. Bd. Of Obstetrics and Gynecology, Inc. v. Yoonessi*, 286 S.W.3d 624, 627 (Tex. App.—Dallas 2009, pet. denied); *Wilson v. Burford*, 904 S.W.2d 628, 628-29 (Tex. 1995) (all summary judgment evidence may be relied on by both parties). Specifically, UES directed the trial court to three of the allegedly unpaid invoices showing a "PAID" stamp. These invoices also show Payments/Credits in the amount owed and balances due of $0.00. We conclude the invoices themselves are some evidence they were paid. Therefore, fact issues exist on the amount owed, and the trial court erred in granting UES's motion for summary judgment. Because of our disposition of this issue, we need not reach appellants' complaint regarding attorneys' fees.

We reverse the trial court's judgment and remand for further proceedings.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

120068F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FOUR D CONSTRUCTION, INC. and
JERRY DANIELS, Appellant

No. 05-12-00068-CV          V.

UTILITY & ENVIRONMENTAL
SERVICES, INC., Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-03923-A.
Opinion delivered by Justice O'Neill.
Justices Bridges and Murphy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court further proceedings consistent with this opinion.

It is **ORDERED** that appellant FOUR D CONSTRUCTION, INC. and JERRY DANIELS recover their costs of this appeal from appellee UTILITY & ENVIRONMENTAL SERVICES, INC.

Judgment entered this 7th day of June, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE