**Affirmed and Opinion Filed May 17, 2023**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00561-CV

**ANDREW WOODRUM, Appellant**
**V.**
**WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC.,**
**WALMART INC., AND WAL-MART REAL ESTATE BUSINESS TRUST,**
**Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-06201**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Goldstein

Andrew Woodrum appeals the trial court's traditional and no-evidence summary judgment in favor of Wal-Mart Stores Texas, LLC, Wal-Mart Stores, Inc., Walmart, Inc., and Wal-Mart Real Estate Business Trust. In three issues, Woodrum complains that (1) the trial court deprived him of due process when it failed to consider his summary judgment response; (2) the trial court granted a summary judgment that was untimely and not set for hearing; and (3) genuine issues of material fact preclude summary judgment. We affirm the trial court's judgment.

# BACKGROUND

In June 2019, Woodrum filed his original petition against Walmart and Brian Speights asserting what was characterized as a "negligence" claim against Walmart[1] The petition alleged that, on June 5, 2017, Speights shot Woodrum at the Walmart in Midlothian, Texas. Woodrum claimed he was an invitee on Walmart's premises, that: (1) Walmart failed to provide adequate security at the premises, (2) failed to make the parking lot safe for invitees, and (3) Walmart's acts and omissions constituted negligence that proximately caused the shooting and Woodrum's injuries.

On June 5, 2020, Walmart filed a motion for no-evidence summary judgment. On December 23, 2020, Walmart filed an amended motion for summary judgment. On October 15, 2021, Walmart filed a second amended traditional and no-evidence motion for summary judgment. Finally, on October 22, 2021, Walmart filed a third amended traditional and no-evidence motion for summary judgment that did not raise any new grounds for summary judgment from the grounds raised in its second amended motion.

In its factual background, Walmart described the shooting as a "criminal incident" between Woodrum and "Co-Defendants Brian Speights and Marshall

---

[1] Woodrum filed his First Amended Petition on June 5, 2019, adding Marshall Henry as a Defendant. The allegations against Walmart remained the same, sounding in premises liability, asserting Woodrum was an invitee.

Henry." More specifically, Woodrum met Speights and Henry in the Walmart parking lot. Speights had loaned Woodrum money, and Woodrum intended to tell Speights he did not have the money to repay him. An argument ensued, and Speights shot Woodrum in the abdomen.

As grounds for summary judgment, Walmart argued there was no evidence Woodrum was an invitee because he was only present to conduct personal business at the time Speights shot him. Next, "under the *Timberwalk*[2] standards, this incident was not foreseeable enough to impose a duty on Walmart to prevent the criminal acts" of Speights even if Woodrum had been an invitee. Walmart claimed the incident was "completely disconnected from Walmart's business activities and dissimilar to any prior crime on or in the immediate vicinity of the store parking lot." Finally, Walmart argued Woodrum's injuries were proximately caused by Speights criminal acts, not by Walmart's breach of a duty. Walmart concluded that either a traditional summary judgment or a no-evidence summary judgment was proper because Woodrum lacked evidence of critical elements of his claim.

Woodrum filed his response to Walmart's Traditional and No Evidence Summary Judgment on October 29, 2021, asserting objections to the filing of the October 22, 2021, third amended motion for summary judgment, without an additional twenty-one days' notice of hearing, the current setting being November

---

[2] *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756–757 (Tex. 1998).

5, 2021, and failure to comply with the local rules' page limits. Walmart responded with a "motion for leave of dispositive motion deadline and request for hearing on defendants' third amended traditional and no evidence motion for summary judgment," to which Woodrum responded and objected. The record contains no order issued on the motion for leave or objections.

On November 5, 2021, the trial court ruling by submission entered an order granting Walmart's first amended motion for summary judgment. On December 6, 2021, Woodrum appealed the order. On February 9, 2022, Walmart filed in the trial court a motion to modify the summary judgment order to reflect that the trial court actually granted Walmart's third amended motion for summary judgment. On that same date Walmart filed a notice of hearing stating its motion to modify was set for a hearing on April 8, 2022.

On February 28, 2022, a panel of this Court dismissed Woodrum's appeal for want of jurisdiction, noting the trial court's order did not dispose of Woodrum's claims against Speights and Henry. *Woodrum v. Wal-Mart Stores Texas, LLC*, No. 05-21-01062-CV, 2022 WL 593570, at *1 (Tex. App.—Dallas Feb. 28, 2022, no pet.). The opinion observed that Walmart's motion to modify the summary judgment order to reflect the trial court's disposition of the "live" third amended motion for summary judgment was pending before the trial court. *Id.*

On April 8, 2022, the trial court granted Walmart's motion to modify the summary judgment order and entered an order granting Walmart's third amended

–4–

motion for summary judgment. On May 4, 2022, the trial court granted Walmart's motion to sever Woodrum's claims against Walmart into a new cause, making the order granting Walmart's third amended motion for summary judgment final and appealable. This appeal followed.

## PROCEDURAL ISSUES ONE AND TWO

In his first two issues, Woodrum re-iterates the arguments he made in his original appeal relative to the first summary judgment order and proceedings. Based upon our review of this record, and the prior opinion of this Court, we determine that Woodrum's procedural arguments are moot and/or waived in that Woodrum failed to address filings before the trial court at the time of the hearing on the motion to modify or bring the issues raised here to the attention of the trial court.

In his first issue, Woodrum argues the trial court deprived him of due process when it failed to consider his timely filed summary judgment response.[3] The entirety of Woodrum's argument relates to filings and notifications asserted in the previous appeal.

All of Woodrum's complaints about his summary judgment response relate to proceedings that resulted in the granting of Walmart's first amended motion for summary judgment on November 5, 2021. The appeal from that judgment was

---

[3] We note without further comment that Plaintiff's Response filed October 29, 2021 was 14 pages with a separate appendix of 22 pages, in advance of the hearing held on November 5, 2021. Other than an email notification that the motion was considered by submission as the response was not timely filed, the record before us contains none of the documentation relative to timeliness challenges addressed in the prior appeal and/or any rulings by the trial court.

dismissed for want of jurisdiction on February 28, 2022. *See Woodrum*, 2022 WL 593570, at *1. In the interim, Walmart filed its motion to modify the summary judgment to reflect the only live summary judgment at the time was the third amended version. Woodrum did not respond to the motion to modify, re-urge his previously filed response to Walmart's motion for summary judgment, raise any challenge to the trial court's prior rejection of his response as untimely and/or noncompliant with page limits under local rules, or confirm the trial court would consider the response during the hearing on the motion to modify.

To preserve an issue for appellate review, a party must present to the trial court a timely request, motion, or objection, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003). Even constitutional claims such as due process can be waived if not raised in the trial court. *In re L.M.I.*, 119 S.W.3d at 711. Because Woodrum failed to raise his due process complaint to the trial court during the April 8, 2022, proceedings following the dismissal of his appeal and before the court's ruling on Walmart's motion to modify, he has not preserved this issue for review. *See* TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d at 711. We do not further address Woodrum's first issue.

Similarly, in his second issue, Woodrum complains that the trial court "granted a summary judgment that was untimely filed and not set for a hearing." Again, Woodrum conflates previous rulings under the prior appeal and the record of

–6–

subsequent filings and notifications. As referenced in the dismissal opinion, Walmart filed its February 9, 2022, motion to modify its summary judgment order to reflect that the trial court actually granted Walmart's third amended motion for summary judgment.[4] Also on February 9, 2022, Walmart filed a notice of hearing stating its motion to modify was set for a hearing on April 8, 2022. The trial court's docket sheet confirms the February 9, 2022, setting of a hearing and the granting of Walmart's motion to modify on April 8, 2022. Woodrum does not challenge the subsequent filings, notifications or proceedings related to the April 8, 2022, hearing. On this record, we conclude Woodrum's second issue lacks merit.

## SUBSTANTIVE ISSUE THREE

In his third issue, Woodrum argues the "summary judgment record contains evidence that, if reviewed by the trial court, would have demonstrated genuine issues of material fact on each challenged element." Specifically, Woodrum asserts that, although the trial court "did not credit" his response to Walmart's motion for summary judgment,[5] the response raised a fact issue on each element of his premises liability claim.

---

[4] We note without further comment or analysis that the order granting Walmart's Third Amended Motion for Summary Judgment, reflects the court "having considered all pleadings properly on file, all timely filed evidence and all arguments of the parties" in granting the summary judgment.as opposed to the order previously appealed wherein the court "considered the First Amended Motion for Summary Judgment and all arguments, if any."

[5] Again, we note that the order granting the third amended motion for summary judgment recites that the court considered "all timely filed evidence."

We review a trial court's granting of summary judgment de novo. *Arana v. Figueroa*, 559 S.W.3d 623, 627 (Tex. App.—Dallas 2018, no pet.). Walmart sought summary judgment on both traditional and no-evidence grounds. Accordingly, we set forth the standards of review for both. TEX. R. CIV. P. 166a(c), (i); *see also Arana*, 559 S.W.3d at 627.

"We first review the trial court's summary judgment under the standards of review for no-evidence summary judgment, potentially pretermitting the need for further analysis." *Arana*, 559 S.W.3d at 627 (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). No-evidence summary judgments are reviewed under the same legal sufficiency standards as directed verdicts. *Id.* The nonmovant must present evidence that raises a genuine issue of material fact on the challenged elements of the claim. *Id.* (citing TEX. R. CIV. P. 166a(i)). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merriman*, 407 S.W.3d at 248.

In a traditional summary judgment, the party moving for summary judgment has the burden to establish that there is no genuine issue of material fact and it is entitled to judgment as a matter of law, "notwithstanding the nonmovant's response or lack thereof." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258–59

–8–

(Tex. 2020) (per curiam); TEX. R. CIV. P. 166a(c); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003) (discussing burden of proof for traditional motion). If the movant satisfies its burden, the burden shifts to the nonmovant to present evidence that raises a genuine issue of material fact. *See Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied).

A complaint that a landowner failed to provide adequate security against criminal conduct is ordinarily a premises liability claim. *Timberwalk*, 972 S.W.2d at 753. Premises liability is a special form of negligence in which the duty owed to the plaintiff, if any, depends on the status of the plaintiff as an invitee, licensee, or trespasser. *JPMorgan Chase Bank, N.A. v. Borquez*, 481 S.W.3d 255, 268 (Tex. App.—Dallas 2015). In a premises liability case, "the plaintiff must establish a duty owed to the plaintiff." *Id.* (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)). "If no duty exists, then no liability for a premises liability claim can arise." *Id.* (quoting *QuikTrip Corp. v. Goodwin*, 449 S.W.3d 665, 670 (Tex. App.—Fort Worth 2014, pet. denied)).

The duty owed an invitee is "to exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover." *Cath. Diocese of El Paso v. Porter*, 622 S.W.3d 824, 829 (Tex. 2021). A lesser duty is owed a licensee: to "use ordinary care either to warn a licensee of,

–9–

or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Id.* Generally, a premises-liability plaintiff's status is a question of law, though it can be a question for the jury when facts relevant to the legal standard are in dispute. *Id.* We consider first whether Woodrum was an invitee or licensee of Walmart and then whether Walmart breached its duty to him.

An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both. *Id.* In contrast, a licensee is a person who goes on the premises of another merely by permission, express or implied, and not by any express or implied invitation. *Id.* In determining whether a person injured upon the premises of another was an invitee or was merely a licensee, the Texas Supreme Court has written:

> the general test is whether the injured person, at the time of the injury, had present business relations with the owner . . . which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner.

*Id.* at 830 (quoting *Cowart v. Meeks*, 111 S.W.2d 1105, 1107 (Tex. [Comm'n Op.] 1938). A visitor's status is determined at the time of injury. *Id.* at 831. When a visitor does not economically benefit the landowner, the law imposes on the owner the lesser duty associated with licensees. *Id.* at 832.

In arguing he was an invitee, Woodrum cites excerpts from his deposition testimony that he went to Walmart to get "water and condoms," his statement in an affidavit that he went to Walmart to "use the ATM and to purchase water and

miscellaneous items," and the statement in a police report that Woodrum "was texted by [Speights] asking to meet" at Walmart. The police report further reflects Woodrum's statement that, when Speights arrived at Walmart, Speights "immediately started asking [Woodrum] about the money," Speights put his hand on his gun during an ensuing argument, and Speights shot Woodrum while the two were wrestling for control of the gun.

Despite Woodrum's professed intention to purchase items at Walmart, there is no evidence that Woodrum made any purchases or even entered Walmart. Instead, the evidence shows Woodrum and Speights both arrived at the Walmart about the same time, confronted each other in the parking lot, and Speights shot Woodrum after a struggle over a gun. Thus, the record shows that, at the time of Woodrum's injury, Woodrum had no business relationship with Walmart and was present in Walmart's parking lot on business with Speights. *Id.* at 830. Our conclusion is the same whether Woodrum intended at some time in the future to enter Walmart and make a purchase. Thus, the uncontroverted evidence established as a matter of law that Woodrum was a licensee on Walmart's premises. *Id.* at 832.

Walmart's duty to Woodrum was to "use ordinary care either to warn [him] of, or to make reasonably safe, a dangerous condition of which [it was] aware and [Woodrum was] not. There is no evidence in the record to show Walmart was aware of any "dangerous condition" at the time of Woodrum's injury. *See id.* Under these circumstances, even taking as true the evidence contained in Woodrum's summary

judgment response, we conclude the trial court did not err in granting no-evidence summary judgment in favor of Walmart. *See Arana*, 559 S.W.3d at 627. We overrule Woodrum's third issue.

We affirm the trial court's judgment.

220561f.p05

/Bonnie Lee Goldstein//
BONNIE LEE GOLDSTEIN
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDREW WOODRUM, Appellant

No. 05-22-00561-CV      V.

WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC., WALMART INC., AND WAL-MART REAL ESTATE BUSINESS TRUST, Appellees

On Appeal from the 192nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-06201. Opinion delivered by Justice Goldstein. Justices Carlyle and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC., WALMART INC., AND WAL-MART REAL ESTATE BUSINESS TRUST recover their costs of this appeal from appellant ANDREW WOODRUM.

Judgment entered this 17th day of May 2023.

–13–