**AMERICAN BOARD OF OBSTETRICS AND GYNECOLOGY, INC.,**
Appellant/Cross-appellee,

v.

**Mahmood YOONESSI, M.D.,**
Appellee/Cross-appellant.

No. 05–08–00513–CV.

Court of Appeals of Texas,
Dallas.

May 28, 2009.

Stephen L. Tatum, John S. Polzer, Cantey & Hanger, L.L.P., Fort Worth, for Appellant.

Shahin Shamseddin Modjarrad, Bernard J. Grant, Mohamad Said, Modjarrad &

Abusaad, Law Firm, Richardson, for Appellee.

Before Justices MORRIS and MOSELEY.[1]

**OPINION**

Opinion By Justice MORRIS.

This is a summary judgment case. The American Board of Obstetrics and Gynecology appeals the trial court's take-nothing summary judgment on its claims against Mahmood Yoonessi, M.D. for breach of contract, malicious prosecution, and abuse of process. Yoonessi has filed a cross-appeal. He contends the trial court erred in denying him the opportunity to amend his pleadings after hiring an attorney. For the reasons that follow, we reverse that part of the trial court's judgment relating to ABOG's abuse of process claim and remand the cause to the trial court for further proceedings on that claim. We affirm the trial court's judgment in all other respects.

**I.**

The American Board of Obstetrics and Gynecology is a non-profit corporation offering board certification to qualified doctors in the practice areas of obstetrics and gynecology. Yoonessi became an ABOG diplomate in 1975 and received the subspecialty of gynecological oncologist in 1980. In 2001, after an investigation and hearing, the New York State Board for Professional Medical Conduct revoked Yoonessi's New York medical license. Upon learning of the New York Board's determination, the Medical Board of California revoked

Yoonessi's license to practice medicine in California. In response, Yoonessi filed federal lawsuits in New York and California against multiple defendants, including ABOG. The New York suit was filed first in 2003. The California suit followed in 2004. After both of the federal lawsuits were dismissed, ABOG brought this action against Yoonessi to recover certain legal fees and expenses it incurred in the actions. ABOG alleged causes of action for breach of contract, abuse of process, and malicious prosecution. The trial court granted Yoonessi's motion for summary judgment on all of ABOG's claims.[2] This appeal followed.

**II.**

ABOG first argues the trial court erred in granting Yoonessi summary judgment on its breach of contract and abuse of process claims because he failed to present any evidence to support summary judgment on these claims. Before addressing the merits of ABOG's argument, we note the procedural posture in which this case comes before us. The trial court specifically ruled that Yoonessi had filed a traditional motion for summary judgment and not a no-evidence motion for summary judgment. Yoonessi has not challenged this ruling on appeal. Consequently, our review is governed by the standards applicable to a traditional summary judgment. We consider whether the successful movant carried his burden of showing that there is no genuine issue of material fact and that he was entitled to judgment as a matter of law. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988

---

1. The Honorable Amos L. Mazzant was a member of the original panel and participated in submission of this case. Since submission, Justice Mazzant has accepted appointment as a United States Magistrate Judge and did not participate in this opinion.

2. The summary judgment became a final appealable order after the trial court signed an order severing these claims from Yoonessi's counterclaims and third-party claims.

S.W.2d 746, 748 (Tex.1999). In his motion under the heading "Summary Judgment Evidence," Yoonessi listed ABOG's original petition and nothing else. He attached no summary judgment evidence to his motion.

■ ABOG contends that because Yoonessi failed to provide any evidence in support of his summary judgment motion, the trial court should have denied his motion on this basis alone. ABOG further argues that the trial court could not consider the documents it submitted in response to the summary judgment motion as supplying the necessary evidence for Yoonessi to meet his summary judgment burden. Rule 166a(c) expressly states that the summary judgment record includes evidence attached either to the motion or to a response. See *Wilson v. Burford,* 904 S.W.2d 628, 629 (Tex.1995). The evidence provided in ABOG's response to Yoonessi's motion was proper summary judgment evidence upon which both parties could rely and the trial court could consider in making its summary judgment ruling. Having determined what evidence the trial court could consider with respect to Yoonessi's motion for summary judgment, we next address whether that evidence conclusively established Yoonessi's entitlement to summary judgment.

■ ABOG argues fact issues precluded summary judgment on its breach of contract claim. In its original petition, ABOG alleges Yoonessi breached an exclusive jurisdiction and venue provision by suing ABOG in California and New York instead of Dallas, Texas, the location of ABOG's principal place of business. Yoonessi moved for summary judgment arguing he did not breach the provision because (1) it first appeared twenty-seven years after he became an ABOG diplomate and (2) the plain language of the provision indicates it applied only to those *becoming* diplomates

at the time it was added, not to existing diplomates. We focus on the second aspect of Yoonessi's argument.

ABOG's 2003 and 2004 bulletins contain the following exclusive jurisdiction and venue provision:

> Jurisdiction and Venue. The Corporation shall require, as a condition precedent for any person or entity to become a Member, Director, Officer, Employee, Agent, Applicant for Examination, a Diplomate certified by the Corporation, a Committee or Division Member, ... that such person or entity agree as follows:
>
> In any dispute of any kind with the Corporation or any Person or Entity, such Person or Entity shall be subject to suit, if at all, only in the County and State where the Corporation maintains its principal place of business and its headquarters, which is currently Dallas, Dallas County, Texas. Each Person or Entity shall be required to consent to the exclusive jurisdiction and venue of courts located in Dallas, Texas and laws of the State of Texas for the resolution of any and all such disputes.

In 1973, Yoonessi applied to ABOG "for the issuance of a Diploma of Qualification in accordance with and subject to [ABOG's] Certificate of Incorporation, By-Laws, Rules and Regulations." In the application, Yoonessi also agreed that his certificate could be revoked, forfeited, or redelivered in the event that he "shall not have complied with or shall violate any of the provisions" of ABOG's certificate of incorporation, by-laws, or rules and regulations. ABOG argues that by these application provisions, Yoonessi clearly agreed to abide by all ABOG rules while claiming diplomate status, including the jurisdiction and venue provision added years after Yoonessi received his certification. ABOG further contends that, by becoming a dip-

lomate, Yoonessi subjected himself to ABOG's rule-making power and the later enacted jurisdiction and venue provision. *See Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 176 (Tex.App.-Dallas 2000, pet. denied). We need not address whether Yoonessi is generally subject to ABOG rules enacted after he achieved his diplomate status because the specific provision before us does not apply to Yoonessi.

We construe a contract containing a jurisdiction and venue provision as we would any contract, according to its plain language. *See Ramsay v. Texas Trading Co., Inc.,* 254 S.W.3d 620, 626 (Tex.App.-Texarkana 2008, pet. denied). If a contract is worded such that it can be given a certain or definite legal meaning, we construe the contract as a matter of law. *Id.* The plain language of the provision before us clearly limits its application to those wanting to become diplomates, not to those who have already achieved that status. Although the 2003 and 2004 bulletins indicate maintenance of certification is achieved by a certificate renewal process, board certificates issued before 1986 were of indefinite duration. Diplomates certified before that date, like Yoonessi, could sit for voluntary recertification, but there is no indication Yoonessi ever sought voluntary recertification. Based on the record before us, Yoonessi conclusively established there was no agreement between ABOG and him with respect to jurisdiction and venue as alleged by ABOG. In reaching this conclusion, we are unpersuaded by ABOG's contention that the provision in question is a covenant rather than a condition precedent. Moreover, that distinction makes no difference here. The dispositive issue is to whom the provision applies, not the general enforceability of the provision as a condition precedent. Accordingly, the trial court did not err in granting summary judgment in Yoonessi's favor on ABOG's breach of contract claim.

ABOG also challenges the trial court's summary judgment on its abuse of process claim. Three elements establish the tort of abuse of process: (1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, improper, or perverted use of the process; and (3) damage resulted to the plaintiff as a result of such act. *See Futerfas v. Park Towers,* 707 S.W.2d 149, 160 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). In his motion for summary judgment, Yoonessi argued that he used process to maintain a lawsuit "which is a proper use of service, regardless of the actual merits of the case." But the summary judgment record contains no evidence to support Yoonessi's position that his use of process was proper. Absent any evidence, Yoonessi did not negate this element of ABOG's abuse of process claim. Because Yoonessi failed to meet his summary judgment burden with respect to ABOG's abuse of process claim, the trial court erred in granting summary judgment on that claim.

ABOG also challenges the trial court's summary judgment on its malicious prosecution claim. Yoonessi moved for summary judgment on this claim based on judicial admissions in ABOG's petition that it did not suffer a special injury. On appeal, ABOG acknowledges that existing Texas law requires a malicious prosecution claimant to suffer a special injury before it can recover for malicious prosecution. It asks that the existing law be changed to remove the special injury requirement and allow it to present its malicious prosecution case to the fact-finder.

Before a claimant may recover for malicious prosecution of a civil action, he must suffer a special injury. *See Texas*

*Beef Cattle Co. v. Green,* 921 S.W.2d 203, 208–09 (Tex.1996). It is not enough to have suffered only the ordinary losses incident to defending a civil suit such as inconvenience, embarrassment, discovery costs, and attorney's fees. *Id.* The special injury requirement is not satisfied by the mere filing of a lawsuit; there must be some physical interference with the claimant's person or property in the form of an arrest, attachment, injunction or sequestration. *Id.* We are unpersuaded by ABOG's arguments urging the abandonment of the special injury requirement. Applying the existing and announced law of this State, the trial court did not err in granting summary judgment on ABOG's malicious prosecution claim.

## III.

Yoonessi has filed a cross-point on appeal complaining about the trial court's denial of his motion to deem timely filed his third amended answer. In his two-paragraph argument under this point, Yoonessi contends his newly hired attorney needed to amend his answer "to add affirmative defenses, which are customary and of no surprise in a breach of contract case." Having already concluded Yoonessi was entitled to summary judgment on ABOG's breach of contract claim, Yoonessi's cross-point presents no reversible error.[3] *See* TEX. R. APP. P. 44.1(a).

We reverse the trial court's judgment with respect to ABOG's abuse of process claim and remand the cause to the trial court for further proceedings on that claim. We affirm the trial court's judgment in all other respects.

---

**3.** Yoonessi's cross-point does not discuss the trial court's ruling with respect to ABOG's

other causes of action and we express no opinion as it relates to those claims.