Opinion filed March 14, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00119-CV

_____

**BRENT BATES BUILDERS, INC. AND BRENT BATES, INDIVIDUALLY, Appellants**

**V.**

**RAHUL MALHOTRA, INDIVIDUALLY AND D/B/A THE MALHOTRA LAW FIRM; VENIT MALHOTRA, INDIVIDUALLY AND D/B/A THE MALHOTRA LAW FIRM; AND SALVADOR VILLALOBOS, Appellees**

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV48540**

## M E M O R A N D U M   O P I N I O N

Brent Bates Builders, Inc. and Brent Bates, individually, (collectively referred to as "Bates") appeals from the final judgment of the trial court in favor of

Rahul Malhotra, individually and d/b/a the Malhotra Law Firm; Venit Malhotra, individually and d/b/a the Malhotra Law Firm; and Salvador Villalobos (collectively referred to as "Malhotra"). In one issue on appeal, Bates challenges the judgment of the trial court in which it granted Malhotra's no-evidence motion for summary judgment on Bates's claim of malicious prosecution. We affirm.

## I. *Elements of Malicious Prosecution Claim*

To support a prima facie claim for malicious prosecution in a civil case, a plaintiff must allege the following facts:

(1) the institution or continuation of civil proceedings against the plaintiff;
(2) by or at the insistence of the defendant;
(3) malice in the commencement of the proceeding;
(4) lack of probable cause for the proceeding;
(5) termination of the proceeding in plaintiff's favor; and
(6) special damages.

*Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). Bates filed an original petition that alleged malicious prosecution. Malhotra later moved for judgment as a matter of law because Appellant had adduced no evidence that raised a question of material fact on the elements of special damages, malice, and lack of probable cause. The trial court granted Malhotra's motion for no-evidence summary judgment.

## II. *Background*

The summary judgment evidence showed that Rahul Malhotra and the Malhotra Law Firm represented Salvador Villalobos in a personal injury suit against Bates after Villalobos was allegedly injured while he worked as a contract laborer for Bates's construction business. This underlying lawsuit was eventually terminated in Bates's favor over five years after its commencement.

2

Bates subsequently filed a malicious prosecution claim against Malhotra in which Bates claimed that Malhotra caused "injury to [his] reputation, or credit rating; [loss of] value of [his] use of property during [the] time period [he] was denied [the] use [of it]; physical and emotional distress; expenses for defense in the underlying lawsuit; and financial distress." Bates also claimed mental anguish and exemplary damages. Bates included with his original petition his first set of interrogatories, requests for disclosure, and a request for production.

Malhotra answered with a general denial and also objected and responded to the discovery requests, which included assertions of the "attorney-client privilege." Ten months after Bates sued, Malhotra moved for summary judgment on no-evidence grounds; Malhotra claimed that Bates had failed to provide any evidence of malice, lack of probable cause, and special injury.

Before the trial court held a hearing on the motion for summary judgment, Bates took the oral deposition of Rahul Malhotra. Bates subsequently filed his response to Malhotra's no-evidence motion for summary judgment. In the response, Bates asserted that Malhotra relied on the attorney-client privilege and refused to answer substantially all of the questions propounded. Bates argued that Malhotra's refusal to answer the discovery requests constituted fraud, crime, and obstruction of justice. The record reflects this was the first time that Bates complained of Malhotra's discovery responses.

Bates attached to his response his affidavit in which he stated that the underlying suit was groundless, had created havoc on Bates's family, and had brought Bates to near financial and personal ruin. Bates also outlined in his affidavit that Malhotra had bullied, harassed, and tried to intimidate him and his lawyers since their first contact. Bates also included four exhibits:

1. Exhibit A—a breakdown of gross receipts, net profits, and legal expenses throughout the progression of the underlying suit;

3

2. Exhibit B—profit and loss figures from Business Schedule C and IRS filings in each year from 2002 through 2010 and profit and loss figures from 2011;

3. Exhibit C—profit and loss projections and graphs compiled according to the 2002 through 2011 figures; and

4. Exhibit D—a summary for losses claimed in years 2008 through 2011, as prepared by Kirk Fritzchen, CPA.

The trial court heard Malhotra's no-evidence motion for summary judgment on December 21, 2012. When the trial court asked for a response to Malhotra's claim that Bates had failed to provide evidence of special injury, Bates's trial counsel responded, "I think that's a horrible position in the law. There should be some control over litigation. To say you can only have a harm that you can feel or touch before it's compensable, [that is] absurd." Bates's counsel then referenced the mental anguish damages and monetary damages that had been pleaded.

The trial court concluded that Bates had provided no evidence that would create a genuine issue of material fact on the special damages element but declined to rule on the elements of malice and lack of probable cause. The trial court gave Bates the opportunity to further brief special damages and ruled that, if he could provide no further evidence of special damages, summary judgment would be granted.

After the hearing, Bates filed an amended petition, in which he claimed abuse of process, negligence, and tortious interference in addition to the existing malicious prosecution claim. The first amended petition repeated the same damage allegations that Bates had alleged in his original petition; he claimed no additional damages. Bates attached his second affidavit and swore under oath that the underlying lawsuit had cost him money, time, emotional distress, and irreparable damage to his finances and business.

4

Malhotra answered with another general denial and filed a supplemental motion for summary judgment that claimed Bates had failed to provide any evidence of malice, lack of probable cause, and special damages; the trial court agreed and granted partial summary judgment on no-evidence grounds. After the entry of the partial summary judgment, Bates abandoned his first amended petition. Because summary judgment had already been granted on malicious prosecution, the only claim in Bates's original petition, the trial court entered a final judgment against Bates.

## III. *Issue Presented*

Bates brings a single issue in which he argues that the trial court erred when it granted the no-evidence motion for summary judgment. Bates's issue rests on two principal arguments: (1) the evidence he put forth supported a claim of malicious prosecution and (2) if the evidence put forth failed to support a claim of malicious prosecution, the lack of evidence was caused by Malhotra's failure to cooperate during the discovery process. We address each argument.

## IV. *Standard of Review*

We review a no-evidence summary judgment under the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Under that standard, we consider the evidence in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Id.* The nonmovant must produce summary judgment evidence that raises a genuine issue of material fact as to each challenged element of its cause of action. TEX. R. CIV. P. 166a(i); *Merriman*, 407 S.W.3d at 248. A no-evidence challenge will be sustained when:

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight

to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merriman*, 407 S.W.3d at 248 (quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)).

## V. *Analysis*

On appeal, Bates limits his argument to the special damages issue and requests this court to remand the case for the trial court to order discovery and rule on the elements of malice and probable cause. We limit our review to the special damages element of Bates's malicious prosecution claim.

### A. *No Evidence of Special Damages*

Bates contends that he provided sufficient evidence of the element of special damages to overcome summary judgment. A plaintiff must suffer special damages—or special injury—before he can recover for a malicious prosecution of a civil case. *Tex. Beef Cattle Co.*, 921 S.W.2d at 208. To prove the element of special damages, there must be evidence of some physical interference with the plaintiff's person or property in the form of an arrest, attachment, injunction, or sequestration. *Id.* at 208–09. The mere filing of a lawsuit cannot satisfy the special injury requirement, and it is insufficient that a party has suffered the ordinary losses incident to defending a civil suit, such as inconvenience, embarrassment, discovery costs, and attorney's fees. *Id.* Once the special injury hurdle has been cleared, however, that injury serves as a threshold to recover the full range of damages incurred because of the malicious litigation. *Id.* at 209.

Texas courts have consistently declined to hold that the special injury requirement may be satisfied by consequential damages that result from the underlying suit. *See, e.g.*, *id.* at 208–09; *Airgas-Southwest, Inc. v. IWS Gas & Supply of Tex., Ltd.*, 390 S.W.3d 472, 479–80 (Tex. App.—Houston [1st Dist.]

6

2012, pet. denied); *Am. Bd. of Obstetrics & Gynecology, Inc. v. Yoonessi*, 286 S.W.3d 624, 629 (Tex. App.—Dallas 2009, pet. denied). Such consequential damages include attorney's fees and litigation costs; loss of professional or personal reputation; humiliation; mental anguish; loss of business and contracts; pecuniary and economic losses; diversion of time and attention to defending against the suit; increased insurance premiums; and loss of ability to obtain credit. *Airgas-Southwest*, 390 S.W.3d at 479–80.

Bates's first amended petition alleged damages as follows: injury to his reputation or credit rating; the value of use of property during the time period Bates was denied use; physical and emotional distress; expenses for defense in the underlying lawsuit; and financial distress. In his affidavit, Bates alleged that the case wreaked havoc on his family, brought him to near financial and personal ruin, and caused him extreme pain and suffering and that Malhotra bullied, harassed, and tried to intimidate Bates and his lawyers. He also attached multiple exhibits that showed the financial loss suffered by him and his business. All of these alleged damages are merely consequential damages incidental to Malhotra's filing of the underlying lawsuit; they do not satisfy the special injury requirement in Bates's malicious prosecution claim. *See Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 406 (Tex. App.—Eastland 2002, pet. denied) (holding that claims of damage to reputation, pecuniary losses, adverse tax losses, personal injuries, loss of ability to obtain credit, and loss of property interests do not satisfy special injury requirement for malicious prosecution claims). Bates adduced no evidence of any physical interference with Bates's person or property, as required by Texas courts, to raise an issue of material fact on special damages in a malicious prosecution claim. Bates did not allege, and adduced no evidence of, any arrest, attachment, injunction, or sequestration.

Bates has suggested that policy considerations and tort reform support the position that the special damages typically required—i.e., physical interference with person or property—should not be essential elements of a malicious prosecution claim. But it is well established that a physical or personal interference is required to support a malicious prosecution claim, and the functionality of the special damages requirement is not limited to reducing the number of malicious prosecution cases. *See, e.g.*, *Tex. Beef Cattle Co.*, 921 S.W.2d at 209 (noting that special damage requirement assures good faith litigants access to judicial system without fear of intimidation by countersuit for malicious prosecution and prevents needless and endless vexatious lawsuits); *Airgas-Southwest*, 390 S.W.3d at 483 (noting that special injury is important in malicious prosecution claims because successful defendants are usually awarded incidental costs in underlying suit). We are not persuaded by Bates's arguments in which he urges the abandonment of the special injury requirement. Because Bates provided no evidence of the essential element of special damages in his malicious prosecution claim, we hold that the trial court did not err when it granted Malhotra's no-evidence motion for summary judgment.

*B. Malhotra's Alleged Failure to Cooperate in Discovery Process*

Bates next complains of Malhotra's failure to cooperate during the discovery process. According to Bates, Malhotra repeatedly asserted the attorney-client privilege in an aggressive and abusive manner when he declined to answer many of Bates's discovery requests. Bates argues that, because Malhotra refused to respond to such requests, he could not form an evidentiary basis to support his claim of malicious prosecution.

When a party fails to adequately respond to a discovery request or asserts a privilege as his response, the party making the request should move to compel and request a hearing so the trial court may rule on the propriety of the response or

privilege assertion. *See* TEX. R. CIV. P. 193.4, 215.1. If an appellant has not obtained a ruling by the trial court on a discovery dispute, he has failed to preserve error for our review. *See U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also* TEX. R. APP. P. 33.1(a)(1).

Bates did not complain to the trial court of Malhotra's failure to respond until after Malhotra moved for summary judgment, which was nine and one-half months after Malhotra's initial response to the discovery request. Bates never filed either a formal objection or a motion to compel the discovery responses. The record reflects that the trial court issued no rulings on Bates's discovery issues. Therefore, we conclude that Bates failed to preserve error for our review as to the discovery dispute.

Malhotra argues in his brief that Bates abandoned all claims for relief when he abandoned his first amended petition and that, therefore, Bates cannot complain of the trial court's grant of summary judgment. Because we have held that the trial court's grant of Malhotra's no-evidence motion for summary judgment was proper, we need not address this issue. Moreover, we note that Bates did not abandon his original petition. Having rejected each of Bates's arguments on appeal, we overrule his sole issue.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

March 14, 2014                                          MIKE WILLSON

Panel consists of: Wright, C.J.,                        JUSTICE
Willson, J., and Bailey, J.

9