In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-18-00403-CV

**THE BANK OF NEW YORK MELLON, Appellant**

**V.**

**SONIA RILEY AND FLOYD RILEY, Appellees**

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-201,456

## MEMORANDUM OPINION

The Bank of New York Mellon (BONYM) sued Sonia and Floyd Riley to foreclose on their property located in Beaumont, Texas. BONYM appeals the trial court's grant of the Rileys' cross-motion for summary judgment and denial of BONYM's motion for new trial.[1] BONYM presents three issues on appeal asking whether: (1) the trial court erred in granting the Rileys' motion for summary

---

[1] The Rileys acted *pro se* during the trial and do so on appeal.

judgment on their affirmative defense of limitations when a disputed material fact existed regarding whether the lender "abandoned the acceleration of the debt" whereby resetting limitations; (2) the trial court abused its discretion in failing to grant BONYM's motion for new trial upon BONYM establishing that the Rileys' affidavits submitted in support of their motion for summary judgment were submitted in bad faith; and (3) the trial court abused its discretion in failing to grant BONYM's motion for new trial upon BONYM's submittal of newly discovered evidence reflecting that the Rileys had previously settled all claims relating to the foreclosure of their home equity deed of trust with their prior mortgage servicer. We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

## Background

In 2004, the Rileys took out a loan for $104,000.00 secured by a note on the property. The Rileys defaulted on the loan. In August of 2010, a prior loan servicer sent correspondence to the Rileys putting them on notice of default and its intent to accelerate the amounts due. BONYM obtained the note by assignment from Full Spectrum Lending in 2011.[2] On December 28, 2011, a prior loan servicer sent a notice of acceleration to the Rileys advising it had "elected to ACCELERATE the

---

[2] Several different servicers handled the loan.

2

maturity of the Debt." However, on December 28, 2015, BONYM sent a notice of rescission of the acceleration of the debt to the Rileys via certified mail. On August 16, 2016, based on the Rileys' default, BONYM's servicer sent them another Notice of Default and Intent to Accelerate by certified mail. On March 13, 2018, BONYM filed its original petition for foreclosure.

The evidence attached to BONYM's motion for new trial reveals the parties had an extensive history of dealings and court proceedings between the time of initial default and the commencement of the current litigation. The record establishes that BONYM filed at least three prior applications for foreclosure, two of which the district court granted. The Rileys also filed suit to stop the foreclosure in a separate district court at one point, which the trial court dismissed with prejudice at the Rileys' request following a settlement agreement. The Rileys answered the present lawsuit, asserting a general denial and affirmative defenses, including the statute of limitations.

BONYM filed a traditional motion for summary judgment with evidence in support of its motion. Evidence included with BONYM's motion for summary judgment included the original loan documentation, the deed of trust, the lien documentation, the assignment of the deed of trust to BONYM, a BONYM representative's affidavit, the August 2016 notice of default and intent to accelerate,

account history information, payoff statement form, and counsel's affidavit regarding attorney's fees. The Rileys responded to BONYM's traditional motion for summary judgment asserting BONYM's claim was barred by a four-year statute of limitations. With their response, the Rileys included the December 28, 2011, acceleration letter and affidavits from each of them containing the following testimony:

> In a notice dated August 10, 2010, Bank of America, the loan servicer for . . . predecessor in interest to Bank of New York, sent me a notice of default w/intent to accelerate. The notice stated that I was in default of the Texas home equity loan and that if I fell (sic) to cure the default, by September 19, 2010, the loan will be accelerated. In a letter dated December 28, 2011, Bank of New York . . . sent me a notice of acceleration. Replying upon information in the acceleration notice, in January 2013, I temporarily moved from the property and into a rental property . . . . Based upon Texas law, Bank of New York was required to file suit to foreclose on the property by December 28, 2015. Bank of New York failed to file suit within the statutory time limits and therefore its lien on the property is no longer valid.[3]

Thereafter, the Rileys filed a cross-motion for traditional summary judgment based on the affirmative defense of statute of limitations. Their cross-motion for summary judgment included the same acceleration letter and affidavits as their response to BONYM's motion for summary judgment. The Rileys' cross-motion for

---

[3] The affidavits contained identical testimony except that Sonia Riley's affidavit additionally averred she signed a quitclaim deed relinquishing any interest she had in the property.

4

summary judgment also incorporated as evidence a temporary lease agreement for the rental they claimed they moved into after the bank threatened foreclosure as well as a contract with a law firm. The Rileys argued that BONYM sent a notice of acceleration dated December 28, 2011, and because of the four-year statute of limitations, BONYM was required to foreclose on the property by December 28, 2015. The Rileys did not mention BONYM's prior applications for foreclosure in their response or cross-motion. The Rileys contend this foreclosure suit is barred by the statute of limitations and the lien is void. Neither the Rileys' response to BONYM's summary judgment nor their cross-motion for summary judgment mentioned a rescission of acceleration by BONYM.

BONYM responded to the Rileys' cross-motion for summary judgment; however, BONYM filed this response late. Rather than filing its response the requisite seven days before the scheduled summary judgment hearing, BONYM filed the response three days before the hearing and did not request leave from the trial court to submit evidence late. While BONYM agreed they sent a prior notice of acceleration letter dated December 28, 2011, they argued that on December 28, 2015, they sent a rescission of this acceleration to the Rileys and their response referenced the correspondence as Exhibit "A." Despite referencing the actual letter

5

as an exhibit in its response to the motion for summary judgment, BONYM failed to attach the actual letter as an exhibit.

One day before the scheduled summary judgment hearing, the Rileys filed a reply to BONYM's response to their cross-motion for summary judgment. In their reply, the Rileys state that "[BONYM] argue[s] that the acceleration was abandon[ed] on December 28, 2015, which allegedly restored the contract as such no acceleration occurred. While, plaintiff attached no evidence of such abandonment, after a search of documents, defendant(s) concede plaintiff attempted an eleventh hour abandonment." The Rileys attached an additional affidavit from Floyd Riley to their reply, as well as a letter from Floyd dated January 26, 2016, responding to the rescission of acceleration. Floyd's affidavit avers "[o]n January 26, 2016, I sent Barrett Daffin Frappier Turner & Engel, a letter in response to a notice I received regarding a rescission of acceleration notice send (sic) from their law firm." The subject line of the letter from Floyd notes "Re: Rescission of Acceleration[.]" The Rileys contend in their reply that BONYM's rescission of acceleration was ineffective because they "detrimentally relied on the 2011 acceleration and objected to the abandonment." They also complained about the untimeliness of BONYM's response.

During the summary judgment hearing, the trial court explained that while BONYM sought a continuance on the hearing, BONYM's stated reason was to seek leave to amend its petition after discovering new information. However, the trial court reasoned that a motion for leave was not needed to amend the petition, so he denied the motion to continue the hearing. The trial court noted that BONYM filed its response to the Rileys' cross-motion for summary judgment late and failed to request leave. The trial court further explained that while the response referenced the rescission of acceleration letter as an exhibit, it failed to attach the letter, and the Rileys objected. The trial court noted that BONYM failed to timely file a response attaching evidence the court could consider in response and granted the Rileys' cross-motion for summary judgment.

BONYM filed a motion for new trial attaching its rescission letter, a prior settlement agreement between the parties, and filings from previous court proceedings, among other things. In the motion for new trial, BONYM pointed to the prior course of foreclosure proceedings in other district courts. BONYM argued that the Rileys misled the court by submitting affidavits in bad faith which failed to mention any of that information. BONYM further pointed out the Rileys acknowledged the rescission letter. BONYM also asserted that in a prior settlement agreement, the Rileys acquiesced to the foreclosure and waived their affirmative

7

defenses. The Rileys responded to the motion for new trial arguing BONYM failed to show good cause or establish that the evidence was newly discovered. They also asked the trial court to strike the evidence attached to the motion for new trial. After a hearing, the trial court denied the motion for new trial, and BONYM timely appealed.

## Standard of Review

We review the grant of a traditional summary judgment *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (citation omitted). If both parties move for summary judgment and the trial court grants one motion and denies the other, we review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citation omitted). We then render the judgment the trial court should have rendered. *Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009) (citations omitted).

"A party moving for summary judgment must conclusively prove all elements of its cause of action or defense as a matter of law." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (citing Tex. R. Civ. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)). We consider the evidence in the light most

8

favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We indulge all reasonable inferences and resolve any doubts in the nonmovant's favor. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) (citations omitted).

**Analysis**

In its motion for new trial and on appeal, BONYM contends a material fact issue exists precluding summary judgment on the Rileys' affirmative defense of statute of limitations, specifically as to whether BONYM rescinded its prior acceleration. BONYM points to the Rileys' concession in their reply that they received a letter regarding rescission of the acceleration. We agree that a material fact issue exists precluding summary judgment on the Rileys' affirmative defense of limitations.

Asserting that a claim is barred by the statute of limitations is an affirmative defense. *See* Tex. R. Civ. P. 94. A party moving for summary judgment based on the statute of limitations must establish as a matter of law that the limitations period expired on the relevant claims. *See Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001) (citation omitted). When the Rileys filed a cross-motion for summary judgment based on limitations, they assumed the burden of conclusively proving the

affirmative defense. *See id.*; *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) (citations omitted).

"[A]bsent evidence of abandonment or a contrary agreement between the parties, a clear and unequivocal notice of intent to accelerate and a notice of acceleration is enough to conclusively establish acceleration and therefore accrual." *Holy Cross*, 44 S.W.3d at 565. Texas Civil Practice and Remedies Code § 16.035 governs real property foreclosure and outlines the requisite time periods. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035 (West 2002). The sale of real property under a power of sale in a mortgage or deed of trust that creates a real-property lien must be made within four years after the day the cause of action accrues. *Id.* § 16.035(b); *Holy Cross*, 44 S.W.3d at 567. Upon expiration of this four-year period, the real-property lien and power of sale to enforce the lien become void. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d).

Texas Civil Practices and Remedies Code § 16.038 permits unilateral rescission or waiver of acceleration by the lienholder.[4] *See id.* § 16.038 (West Supp.

---

[4] Cases governing this area of law refer to "waiver," "abandonment," and "rescission" of acceleration of a loan's maturity date; this usage appears synonymous. *Pitts v. Bank of New York Mellon Trust Co.*, 05-17-00859-CV, 2018 WL 6716933, at *3 n.2 (Tex. App.—Dallas Dec. 21, 2018, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.038 (West Supp. 2018) ("Rescission or Waiver of Accelerated Maturity Date")).

10

2018); *Pitts v. Bank of N.Y. Mellon Trust Co.*, 05-17-00859-CV, 2018 WL 6716933, at *3 (Tex. App.—Dallas Dec. 21, 2018, no pet.) (explaining that the noteholder "may unilaterally abandon" acceleration). Written notice of rescission or waiver is effective when deposited in the United States mail if it is sent by first class or certified mail, postage prepaid and addressed to the debtor at the debtor's last known address. *Id.* § 16.038(b), (c). The method of waiver or rescission provided in section 16.038 is not exclusive. *Id.* § 16.038(e); *Pitts*, 2018 WL 6716933, at *3 (noting that lienholder "may do so through other conduct that is inconsistent with acceleration of the note"); *see also Holy Cross*, 44 S.W.3d at 566–67 (explaining that a noteholder "can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity"); *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (asserting that subsequent notices of default stating the lienholder would accelerate the note conclusively established the abandonment of the first notice of acceleration).

"'If acceleration is abandoned before the limitations period expires, the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration.'" *Bracken v. Wells Fargo Bank, N.A.*, No. 05-16-01334-CV, 2018 WL 1026268, at *3 (Tex. App.—Dallas Feb. 23, 2018, pet. denied) (mem. op.) (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed.

11

App'x 677, 679 (5th Cir. 2015) (per curiam)); *see also Bliss v. Bank of Am. N.A.*, 05-18-00476-CV, 2019 WL 2353445, at \*3 (Tex. App.—Dallas June 4, 2019, no pet.) (mem. op.). Evidence of a lienholder's rescission, waiver, or abandonment of acceleration creates a fact issue defeating summary judgment on the affirmative defense of limitations. *See Nationstar Mortgage, LLC v. Landers*, No. 12-17-00047-CV, 2018 WL 1737013, at \*7 (Tex. App.—Tyler Apr. 11, 2018, no pet.) (mem. op.); *see also Bracken*, 2018 WL 1026268, at \*5.

Although accrual is a legal question and whether a holder accelerated the note is a fact question, the parties agree that BONYM accelerated the note on December 28, 2011, triggering accrual for a foreclosure cause of action. *See Holy Cross*, 44 S.W.3d at 568 (citations omitted) ("While accrual is a legal question, whether a holder has accelerated a note is a fact question to which parties may, and in this case did, agree."). Here, the parties dispute whether BONYM rescinded the prior acceleration. Despite its failure to timely produce evidence of its rescission, BONYM contends it effectively rescinded the acceleration, and it points us to the Rileys' admission in their reply as being sufficient to create a fact issue.

We must first determine whether the Rileys' reply was properly before the trial court for the purposes of the summary judgment record. The record does not establish that they requested leave to file additional evidence with their reply, which

12

included the additional affidavit acknowledging BONYM's rescission of acceleration and letter responding to the rescission of acceleration. Rule 166a(c) imposes deadlines for filing summary judgment evidence. *See* Tex. R. Civ. P. 166a(c) (requiring the movant's evidence be on file twenty-one days before the hearing, and the non-movant's evidence be filed at least seven days before the hearing, except on leave of the trial court). Specifically, Rule 166a(c) provides that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response[,]" but it does not provide a deadline for the filing of a movant's reply. *See id.*; *Shelton v. Sargent*, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, pet. denied) (citations omitted). The rule directs that a trial court shall render judgment if

> the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

Tex. R. Civ. P. 166a(c).

Although BONYM, as the adverse party to the Rileys' cross-motion for summary judgment, failed to present evidence within the time period allowed by the

13

rule for its response, the Rileys filed a reply prior to the hearing. Rule 166a(c) required the Rileys, as the movants, to have their evidence on file at least twenty-one days prior to the hearing absent leave of the trial court. *See id.* Even assuming the trial court did not consider the additional evidence included with the Rileys' reply, they filed their reply before the summary judgment hearing and made it part of the record.[5] We conclude the Rileys' reply was part of the summary judgment record and properly before the trial court for consideration when it ruled on the parties' summary judgment motions.

Generally, a party's pleadings do not constitute summary judgment evidence. *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 356–57 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995)). However, when a party pleads facts which affirmatively negate his cause of action, he may plead himself out of court. *Id.* at

---

[5] The Rileys acknowledge that three "responses" were properly before the trial court and included their reply in those responses; however, they contend that because the trial court sustained their objection to BONYM's late response, their reply became a nullity. We disagree and point to the cases that hold when the trial court strikes evidence of the moving party, the evidence submitted in response is "proper summary judgment evidence on which both parties could rely, and the trial court could consider [that] evidence in making its summary judgment ruling." *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 347 (Tex. App.—Dallas 2013, pet. denied) (citing *Am. Bd. of Obstetrics & Gynecology, Inc. v. Yoonessi*, 286 S.W.3d 624, 627 (Tex. App.—Dallas 2009, pet. denied)).

357 (citing *Tex. Dep't of Corr. v. Herring*, 513 S.W.2d 6, 9 (Tex. 1974)). "In that case, pleadings may be used as summary judgment evidence when they contain statements rising to the level of judicially admitting a fact or conclusion which is directly adverse to that party's theory or defense of recovery." *Id.* (citations omitted).

"Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983); *see also Holy Cross*, 44 S.W.3d at 568. A clear and unequivocal judicial admission has conclusive effect and bars the admitting party from later disputing the admitted fact. *Holy Cross*, 44 S.W.3d at 568 (citing *Gevinson v. Manhattan Constr. Co.*, 449 S.W.2d 458, 467 (Tex. 1969)). "'A judicial admission results when a party makes a statement of fact which conclusively disproves a right of recovery or defense he currently asserts.'" *Khan*, 371 S.W.3d at 357 (quoting *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 740 (Tex. App.—Houston [14th Dist.] 1998, no pet.)); *see also Landers*, 2018 WL 1737013, at *4. Elements required to establish a judicial admission include:

> (1) the statement must be made in the course of a judicial proceeding; (2) it must be contrary to an essential fact or defense asserted by the party; (3) it must be deliberate, clear, and unequivocal; (4) it cannot be destructive of the opposing party's theory of recovery or defense; and (5) enforcing the statement as a judicial admission would be consistent with public policy.

*Khan*, 371 S.W.3d 347 at 357 (citation omitted).

15

In the present case, the Rileys' statement made in their reply that "[BONYM] argue[s] that the acceleration was abandon[ed] on December 28, 2015, which allegedly restored the contract as such no acceleration occurred . . . after a search of documents, defendant(s) concede plaintiff attempted an eleventh hour abandonment" clearly qualifies as being in the course of a judicial proceeding. The lienholder's rescission of acceleration is contrary to the Rileys' affirmative defense of statute of limitations, and if true, fatal to their defense. The statement is clear and deliberate, and while the Rileys' use the word "attempted" in the statement, we determine that in context, the statement is unequivocal.[6] They "concede" the lienholder "attempted an eleventh hour rescission[,]" acknowledge they searched documents, and mention the date by which the rescission had to occur. The statement is not destructive of the opposing party's theory, but instead supports BONYM's contention that the statute of limitations did not operate as a bar to its foreclosure in this case. Enforcing the statement as a judicial admission is consistent with policy; to do otherwise in this case would allow Appellees to prevail on an affirmative defense when they have conceded a fact undermining that defense.

_____

[6] The Rileys do not contest that BONYM sent the rescission of acceleration or that it sent it on the date noted, rather their use of the word "attempted" in this case is indicative of their argument that the rescission of acceleration was unsuccessful because they detrimentally relied on the acceleration by renting another property.

We determine the Rileys' reply filed the day before the summary judgment hearing contained a judicial admission which, at a minimum, created a fact issue precluding summary judgment based on the affirmative defense of statute of limitations. We sustain BONYM's first issue. We do not address its second and third issues, as doing so would afford no greater relief on appeal. *See* Tex. R. App. P. 47.1.

## Conclusion

We conclude the trial court erred by granting the Rileys' cross-motion for traditional summary judgment on its affirmative defense of statute of limitations when a genuine issue of material fact exists regarding BONYM's rescission of acceleration. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on April 15, 2019
Opinion Delivered October 10, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.