**Affirmed and Opinion Filed October 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01082-CV**

**TWO TWENTY CENTURY HOMES, INC., Appellant**
**V.**
**DNJ HOLDINGS, LLC, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-14975**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

Appellant Two Twenty Century Homes, Inc. ("Two Twenty") filed suit against appellee DNJ Holdings, LLC ("DNJ") in a dispute involving the sale of real property in Dallas County. The trial court granted DNJ's motion for summary judgment on all of Two Twenty's claims. In two issues, Two Twenty contends the trial court erred by denying its motion for continuance and by granting summary judgment for DNJ. For the reasons we discuss, we affirm the trial court's judgment.

## BACKGROUND

The facts are well-known to the parties and we do not detail them here. In sum, appellee DNJ, the defendant below, purchased real property in Dallas County at a 2018 foreclosure sale. The owners of the non-homestead property had defaulted on a loan from Wells Fargo Bank, N.A., and Wells Fargo foreclosed on its deed of trust. DNJ sold the property to Jericho Group, LLC, who sold it to Dallas Metro Holdings, LLC, who sold it to Two Twenty, appellant and the plaintiff below, on December 18, 2018.

Two years before the foreclosure and sale, however, Wells Fargo had executed a subordination agreement, voluntarily subordinating its first deed of trust in favor of a second deed of trust held by Caliber Home Loans, Inc. ("Subordination Agreement"). Caliber foreclosed on that lien and conveyed the property to Tuesday Real Estate on May 7, 2019. Tuesday Real Estate filed a forcible entry and detainer suit against Two Twenty and obtained possession of the property. Consequently, Two Twenty lost both the property and the funds it had spent improving the property before the foreclosure.

The general warranty deed conveying the property from DNJ to Jericho Group contained the following paragraph:

> This conveyance, however, is made and accepted subject to any and all validly existing encumbrances, conditions and restrictions, relating to the hereinabove described property as now reflected by the records of the County Clerk of Dallas County, Texas.

–2–

The Dallas County deed records contained both the Caliber deed of trust and the Subordination Agreement at the time of the conveyance.

In this lawsuit, Two Twenty asserted four causes of action against DNJ: (1) breach of covenant against encumbrances, (2) fraud in a real estate transaction, (3) common law fraud, and (4) deceptive trade practices. Two Twenty sought actual, statutory, and consequential damages.

DNJ filed a combined no-evidence and traditional motion for summary judgment that sought judgment as a matter of law on all of Two Twenty's causes of action. Two Twenty filed a response, but also requested a continuance on the ground that further discovery was necessary. The trial court proceeded to hear DNJ's motion and granted it on August 31, 2020, in an order that did not specify the grounds.

The trial court denied Two Twenty's motion for new trial. This appeal followed.

## ISSUES

In two issues, Two Twenty contends the trial court's summary judgment was error because (1) the discovery period had not yet expired and Two Twenty had not had sufficient time to conduct necessary discovery, and (2) DNJ failed to disclose its knowledge of the title defect and was expressly bound to defend Two Twenty against all title defects.

We construe these issues as complaints that (1) the trial court erred by denying Two Twenty's motion for continuance, and (2) the trial court erred by granting

–3–

summary judgment because there were genuine issues of material fact on Two Twenty's causes of action.

## STANDARDS OF REVIEW

We review a trial court's granting of summary judgment de novo. *Arana v. Figueroa*, 559 S.W.3d 623, 627 (Tex. App.—Dallas 2018, no pet.). DNJ sought summary judgment on both traditional and no-evidence grounds. Accordingly, we set forth the standards of review for both. TEX. R. CIV. P. 166a(c), (i); *see also Arana*, 559 S.W.3d at 627.

"We first review the trial court's summary judgment under the standards of review for no-evidence summary judgment, potentially pretermitting the need for further analysis." *Arana*, 559 S.W.3d at 627 (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). No-evidence summary judgments are reviewed under the same legal sufficiency standards as directed verdicts. *Id.* The nonmovant must present evidence that raises a genuine issue of material fact on the challenged elements of the claim. *Id.* (citing TEX. R. CIV. P. 166a(i)). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merriman*, 407 S.W.3d at 248.

In a traditional summary judgment, the party moving for summary judgment has the burden to establish that there is no genuine issue of material fact and it is entitled to judgment as a matter of law, "notwithstanding the nonmovant's response or lack thereof." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258–59 (Tex. 2020) (per curiam); TEX. R. CIV. P. 166a(c); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003) (discussing burden of proof for traditional motion). If the movant satisfies its burden, the burden shifts to the nonmovant to present evidence that raises a genuine issue of material fact. *See Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied).

We review the trial court's ruling on a motion for continuance under civil procedure rule 166a(g) for abuse of discretion. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (traditional motion); *Killingsworth v. Hsg. Auth. of City of Dallas*, 447 S.W.3d 480, 495 (Tex. App.—Dallas 2014, pet. denied) (no-evidence motion).

**DISCUSSION**

**1. Motion for Continuance**

Civil procedure rule 166a(g) permits a trial court to deny a summary judgment motion or to grant a continuance to the party opposing the motion if that party files an affidavit setting forth the reasons the party cannot present the facts necessary to respond to the motion. TEX. R. CIV. P. 166a(g); *see Ford Motor Co. v. Castillo*, 279

S.W.3d 656, 662 (Tex. 2009). Whether to grant a party additional time to conduct discovery before summary judgment is a matter for the trial court's discretion. *See Tenneco, Inc.*, 925 S.W.2d at 647 (traditional motion); *Killingsworth*, 447 S.W.3d at 495 (no-evidence motion).

The question whether a nonmovant has had adequate time for discovery under rule 166a(i) "is a case-specific determination that we make by considering various factors, such as the nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, the amount of discovery that has already taken place, and the length of time the case has been active in the trial court." *Killingsworth*, 447 S.W.3d at 495.

The record reflects that Two Twenty filed suit on July 3, 2019, but did not name DNJ as a defendant. Some months later, Two Twenty filed an amended petition that added DNJ as a defendant,[1] and DNJ answered on January 13, 2020. DNJ served discovery requests on February 18, 2020, but Two Twenty never responded. DNJ's motion for summary judgment was filed on May 21, 2020, and set for hearing on June 25, 2020.

Two Twenty included a request for continuance in its summary judgment response filed on June 19, 2020. As grounds, Two Twenty alleged that:

- the discovery period is not yet over,

---

[1] In the interim, Two Twenty litigated claims against Tuesday Real Estate, who had filed a forcible entry and detainer suit against Two Twenty to obtain possession of the premises. No issues are presented in this appeal regarding these claims and we express no opinion on them.

- the agreed scheduling order was signed by the court just two days before the Supreme Court of Texas issued its first emergency order regarding the COVID-19 state of disaster modifying or suspending all deadlines so that discovery "has effectively been on hold,"

- the summary judgment motion was filed only two months after the above orders,

- the case is not set for trial until December 14, 2020,

- fact and expert discovery periods do not expire until August 31, 2020 and October 30, 2020, and

- Two Twenty intends to seek the following discovery: additional written discovery from parties and non-parties with knowledge of relevant facts and depositions of Jatin Jariwala, Jacob Moss, and corporate representatives of DNJ and Dallas Metro Holdings.

Although the response attached the affidavit of Joel Vallejo, Two Twenty's president, the affidavit did not address the need for a continuance.

On July 15, 2020, DNJ filed an amended notice of hearing stating that its motion for summary judgment would be heard on August 27, 2020. Two Twenty again requested a continuance in its amended summary judgment response filed on August 24, 2020. The paragraphs addressing the need for the continuance were identical to the paragraphs in Two Twenty's June 19, 2020 motion. Unlike the June motion, however, the August motion was verified by Two Twenty's counsel who stated that all facts in the motion for continuance were within his personal knowledge and were true and correct.

The trial court's August 31, 2020 order granting summary judgment and rendering judgment that Two Twenty take nothing on its claims does not make any reference to the motion for continuance.

In its appellate brief, Two Twenty again relies on the facts it recited in its motions for continuance, including that the discovery periods had not expired, the case was "effectively on hold" under the supreme court's disaster orders, Two Twenty had requested Jariwala's deposition, and it intended to seek additional written discovery and to depose corporate representatives of DNJ and the title company.

DNJ responds that the trial court did not abuse its discretion by proceeding to rule on its motion for summary judgment because Two Twenty did not file a verified motion explaining the discovery it needed. Rule 166a(g) provides:

> (g) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court . . . may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

TEX. R. CIV. P. 166a(g). Citing this rule, the court in *Tenneco Inc.* explained that "[w]hen a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco, Inc.*, 925 S.W.2d at 647.

Although Two Twenty listed the discovery it intended to take, it did not explain what "facts essential to justify [its] opposition" might be established through that discovery that were not already included in the record. *See* TEX. R. CIV. P. 166a(g). All of the relevant documents in the chain of title, including those containing the provisions on which Two Twenty relied for its claims, were already in the record. Further, the record does not reflect that Two Twenty attempted to obtain any further discovery between May 21, 2020, when the motion was originally filed, and August 24, 2020, when it filed its amended response.

On this record, we cannot say the trial court abused its discretion when it denied Two Twenty's motion for continuance. *See Tenneco, Inc.*, 925 S.W.2d at 647. We decide Two Twenty's first issue against it.

**2. Summary Judgment**

**A. Breach of covenant against encumbrances**

In its operative petition, Two Twenty alleged that DNJ "breached the covenant against encumbrance[s] by failing to satisfy and discharge the Caliber [deed of trust]." The implied covenant against encumbrances is addressed in section 5.023 of the Texas Property Code, which provides:

§ 5.023. Implied Covenants

(a) **Unless the conveyance expressly provides otherwise**, the use of "grant" or "convey" in a conveyance of an estate of inheritance or fee simple implies only that the grantor and the grantor's heirs covenant to the grantee and the grantee's heirs or assigns:

> (1) that prior to the execution of the conveyance the grantor has not conveyed the estate or any interest in the estate to a person other than the grantee; and
>
> (2) that at the time of the execution of the conveyance the estate is free from encumbrances.
>
> (b) An implied covenant under this section may be the basis for a lawsuit as if it had been expressed in the conveyance.

TEX. PROP. CODE § 5.023 (emphasis added).

Two Twenty pleaded that general warranty deeds include an implied "covenant of freedom from encumbrances, which obligates the grantor to satisfy and discharge all liens and encumbrances upon the property being conveyed," citing *Lawyers Title Insurance Corp. v. Cosby*, No. 05-95-01349-CV, 1996 WL 682462, at *2 (Tex. App.—Dallas Nov. 21, 1996, no writ) (not designated for publication). Two Twenty alleged that "once an injury is sustained due to an undisclosed encumbrance, the injured party is entitled to recover damages from the grantor." Two Twenty contends the Caliber deed of trust and the Subordination Agreement were included in DNJ's implied warranty. In other words, Two Twenty contends that DNJ is liable in damages because it did not disclose or satisfy the Caliber deed of trust lien before conveying the property to Jericho Group.

DNJ responds that its deed to Jericho Group expressly limited its liability under the implied covenant against encumbrances. To resolve this dispute, we must construe the language of the deed, which neither party contends is ambiguous. *See Chicago Title Ins. v. Cochran Invs.*, 602 S.W.3d 895, 900 (Tex. 2020) (court

construes unambiguous deed as a matter of law). DNJ conveyed the property to Jericho Group by a deed that was "made and accepted *subject to* any and all validly existing encumbrances, conditions and restrictions, relating to the hereinabove described property as now reflected by the records of the County Clerk of Dallas County, Texas." (Emphasis added).

"With respect to a conveyance of an interest in real property, the term 'subject to' is a term of qualification, meaning 'subordinate to,' 'subservient to,' or 'limited by.'" *U.S. Bank Nat'l Ass'n v. H&H Pipe & Steel*, No. 12-20-00142-CV, 2021 WL 922938, at *3 (Tex. App.—Tyler Mar. 10, 2021, pet. denied) (mem. op.) (citing *Kokernot v. Caldwell*, 231 S.W.2d 528, 531 (Tex. Civ. App.—Dallas 1950, writ ref'd)). "[W]hen property is granted 'subject to' certain conditions . . . it is burdened by those conditions." *Id.* (internal quotation omitted). "The principal function of a 'subject to' clause is to protect a grantor against a breach of warranty claim." *Texas Indep. Expl., Ltd. v. Peoples Energy Prod.-Texas L.P.*, No. 04-07-00778-CV, 2009 WL 2767037, at *5 (Tex. App.—San Antonio Aug. 31, 2009, no pet.) (mem. op.).

DNJ offered evidence that its deed to Jericho Group containing the "subject to" clause was filed and recorded in the Dallas County real property records. Further, DNJ offered evidence that when it conveyed the property to Jericho Group, both the Caliber deed of trust and the Subordination Agreement were also filed and recorded in the Dallas County real property records.

Jericho Group's deed to Dallas Metro, in turn, was recorded in the Dallas County real property records and included an "as is" clause, a disclaimer of reliance on any representations by the grantor, and "Reservations from and Exceptions to Conveyance and warranty" including "all presently recorded and validly existing instruments." Next, Dallas Metro's deed to Two Twenty included "as is" clauses and similar reservations and exceptions regarding "existing restrictions, . . . conditions, [and] covenants . . . applicable to and enforceable against the above described real property as now reflected by the records of the County Clerk of Dallas, Texas."

In *Cosby*, in contrast, the liens at issue were not shown or referenced in the general warranty deed. *Cosby*, 1996 WL 682462 at *3. We explained, "[t]he covenant against encumbrances warrants that there are no liens or burdens on the property, *other than those shown in the deed*, which would diminish its value." *Id.* (emphasis added). Under those circumstances, we concluded the evidence showed that the grantor had breached the covenant against encumbrances. *Id.* at *3.

Citing *Chicago Title*, Two Twenty argues that the "subject to" clause does not limit the deed's initial language that DNJ "does hereby GRANT, SELL, AND CONVEY" the property. In *Chicago Title*, the court explained that where the first covenant in a deed is general, "'a subsequent limited covenant will not restrain the generality of the preceding covenant, unless an express intention to do so appear.'" *Chicago Title*, 602 S.W.3d at 904 (quoting *Rowe v. Heath*, 23 Tex. 614, 619 (1859)). In *Rowe*, the deed contained a general warranty followed by a more limited warranty.

*See Rowe*, 23 Tex. at 618–19. The issue in *Rowe* "was whether one express covenant in a deed limited the scope of another express covenant." *Chicago Title*, 602 S.W.3d at 904 (citing *Rowe*, 23 Tex. at 618–19). Reading the "plain language of the deed as a whole," the court in *Rowe* concluded that "the plain language of the deed did not manifest an intention to limit the full protections afforded by the deed's general warranty." *Chicago Title*, 602 S.W.3d at 905 (discussing *Rowe*, 23 Tex. at 619–20).

In *Chicago Title*, however, the court distinguished *Rowe* and held that reading the deed as a whole, the grantor's liability for specified failures of title was limited. *See id.* at 898, 904–06. In *Rowe*, the initial general warranty clause would have had no purpose "if we read the additional covenant to limit the scope of the general warranty's protections." *Id.* at 905 (citing *Rowe*, 23 Tex. at 619). But in *Chicago Title*, unlike *Rowe*, each warranty clause had its own purpose, and the special warranty "clearly limit[ed] the scope of another covenant." *Id.* at 905.

Here, unlike *Rowe*, the deed's "plain language" does "manifest an intention to limit the full protections afforded by the deed's general warranty," *Chicago Title*, 602 S.W.3d at 905, by clearly providing that the conveyance is "subject to any and all validly existing encumbrances . . . as now reflected" in Dallas County's records. We conclude that DNJ's deed to Jericho Group expressly limited its liability under the implied covenant against encumbrances. We decide this portion of Two Twenty's second issue against it.

## B. Claims for Fraud and deceptive trade practices

DNJ also moved for summary judgment on Two Twenty's claims for fraud in a real estate transaction, common law fraud, and deceptive trade practices, and the trial court granted DNJ's motion in its entirety. Two Twenty now argues that DNJ's "affirmative failure to specifically disclose its knowledge" of the Caliber deed of trust and the Subordination Agreement when it conveyed the property to Jericho Group "evidence[s] the very essence and precise nature of the fraud by non-disclosure perpetrated on Two Twenty." Two Twenty argues that DNJ conveyed the property by general warranty deed but "subsequently attempt[ed] to disclaim any and all liability for its warranties" by relying on "a generic and non-specific claimed exception to any and all previously recorded instruments" in Dallas County, "thereby invalidating" the conveyance of the property by general warranty deed.

Two Twenty, however, does not provide any case authority or citation to the record to support an argument that it raised genuine issues of material fact on the elements of its fraud and deceptive trade practices claims. Accordingly, DNJ argues that Two Twenty has waived its complaint regarding its fraud-related claims. We agree. *See* TEX. R. APP. P. 38.1(i) (appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *Wilburn v. Dacus*, No. 05-16-00522-CV, 2017 WL 2464679, at *2 (Tex. App.—Dallas June 7, 2017, pet. denied) (mem. op.) (conclusory statements

–14–

unsupported by citations to the record or to supporting authority do not raise issues on appeal).

Waiver aside, we conclude the trial court did not err by granting DNJ's motion for summary judgment on Two Twenty's fraud-related claims. The claims arise from Two Twenty's contention that DNJ "falsely represented that title to the Property was free and clear of any defects and that no one else claimed title to the Property," but Two Twenty does not cite to any such representation in the record, nor to any representation that "there was no superior lien on the Property," as Two Twenty also alleged. *See Collective Asset Partners LLC v. Schaumburg*, 432 S.W.3d 435, 443–44 (Tex. App.—Dallas 2014, pet. denied) (material false representation is essential element of claims for common law and statutory fraud).

Two Twenty's fraud-related claims also arise from DNJ's failure to disclose the Caliber lien. The record reflects, however, that Two Twenty was aware of the Caliber lien at the time it purchased the property. In an affidavit filed in support of Two Twenty's summary judgment response, Two Twenty's President Joel Vallejo acknowledged that Two Twenty learned of the Caliber deed of trust in a search of the public records at the time of its purchase. Consequently, there is no evidence that Two Twenty "was ignorant of the facts and did not have an equal opportunity to discover them," an essential element of its claim for fraud by nondisclosure. *See, e.g.*, *Wise v. SR Dallas, LLC*, 436 S.W.3d 402, 409 (Tex. App.—Dallas 2014, no pet.) (listing elements of claim for fraud by nondisclosure).

Because DNJ established its right to judgment as a matter of law on Two Twenty's claims, the trial court did not err by granting DNJ's motion for summary judgment. *See Arana*, 559 S.W.3d at 627. We decide Two Twenty's second issue against it.

## CONCLUSION

The trial court's judgment is affirmed.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

201082f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TWO TWENTY CENTURY
HOMES, INC., Appellant

No. 05-20-01082-CV      V.

DNJ HOLDINGS, LLC, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-14975.
Opinion delivered by Justice
Osborne. Justices Myers and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DNJ Holdings, LLC recover its costs of this appeal from appellant Two Twenty Century Homes, Inc.

Judgment entered this 18th day of October, 2022.